The People ex rel. The Oneida Valley National Bank of Oneida, Respondents, *v.* The Board of Supervisors of Madison County, Appellant.

It is the office of a common-law certiorari to review the determinations of a board of supervisors, and this remedy is proper in case such a board rejects, as not just or legal, a claim which the legislature has declared by statute to be just and legal, and has directed the board to audit and allow. Although the court cannot by certiorari compel a performance of this duty, it can reverse the erroneous decision, leaving the party, in case of further refusal to perform its duty, to such further remedy by mandamus or otherwise as the law gives him.

Where a tax upon the capital stock of a bank, including that portion invested in United States securities, was assessed, levied and paid prior to the decision of the Supreme Court of the United States, holding that the portion so invested was exempt from taxation, and where a claim was made to a board of supervisors, under the provisions of the act to provide against illegal taxation (chap. 938, Laws of 1867), for the repay-

[*] *Ante,* p. 70.

ment of that portion of the tax so illegally assessed,—*Held*, that it was no answer to the claim that claimant did not appear before the assessors and object to the assessment, or that it voluntarily paid the tax.

(Argued September 27, 1872; decided January term, 1873.)

Appeal from the judgment of the General Term of the Supreme Court in the sixth judicial district, reversing upon certiorari the proceedings of the board of supervisors of Madison county.

In November, 1867, the relator made claim to the board of supervisors of Madison county at its annual session for repayment of taxes alleged to have been illegally assessed against it, and paid by it, upon stocks of the United States exempt from taxation. The claim was made under chap. 938 of the Laws of 1867. The board rejected the claim. The relator then procured a writ of certiorari from the Supreme Court, directed to the board, which made return thereto. Other facts appear sufficiently in the opinion.

*D. Pratt* for the appellant. The writ was issued on the application of one without interest in the question, and should have been quashed by the Supreme Court. (*People* v. *Stryker*, 24 Barb., 649; *Colden* v. *Betts*, 12 Wend., 234.) Mandamus was the only appropriate remedy. (Crary's Spec. Pro., 153, and cases cited.) As the relator alleges error, he must show affirmatively from the return wherein the board erred. (*Haines* v. *Judges of West. Co.*, 20 Wend., 623.) Chapter 938, Laws of 1867, does not impose an imperative duty in this case. (10 How., 237; 5 J. Ch., 101.) The relator has no claim *de jure* to have the tax refunded. (*Bank of Commonwealth* v. *Mayor of New York*, 39 N. Y., 184; *Swift* v. *City of Poughkeepsie*, 37 id., 511.)

*I. N. Messinger* for the respondents. Chapter 938, Laws of 1867, is imperative, and imposes a duty upon the board of supervisors. (10 How., 237; 5 J. Ch., 101, and cases cited.) The determination of the board was a judicial act, and may be brought up for review by writ of certiorari. (Thomp. on

Prov. Rem., 250, 309; *Woodruff* v. *Fisher*, 17 Barb., 224; *Wilson* v. *Mayor, etc.*, 4 E. D. Smith, 675; 1 Abb., 4; *Gillespie* v. *Broas*, 23 Barb., 370; 43 id., 232; 33 id., 344; 25 N. Y., 312; 20 How., 458; 2 Hill, 9; 17 Wend., 15; 3 id., 464; *People* v. *Reddy*, 43 Barb., 545.) The writ will bring up so much of the case and evidence as will present the question of law on which the relator relies to avoid the judgment of the inferior tribunal. (*Smith* v. *City of Poughkeepsie*, 37 N. Y., 511, 516; *Baldwin* v. *City of Buffalo*, 35 id., 376; *Mullins* v. *People*, 24 id., 399.) The claim presented by the relator was valid, under chapter 938, Laws of 1867. (12 U. S. Stat. at Large, 346; Bank Tax Case, 2 Wall., 200; *Bank of Commerce* v. *New York City*, 2 Black, 620; citing 2 Peters, 449; 4 Wheat., 316; 9 id., 738.)

EARL, C.  In November, 1867, the president and cashier of the relator made affidavit showing that, in the year 1863, the Oneida Valley Bank was the owner and holder of the sum of $10,000 of United States bonds, which were part of its capital stock, and that in that year it was assessed upon its entire capital, including such bonds, and that it paid taxes upon such assessment on account of such bonds, which with interest amounted to $277.27; that in the year 1860 the bank held as part of its capital stock the sum of $42,000 of United States bonds, and that in that year it was assessed upon its entire capital, including such bonds, and that it paid taxes on account of such assessment, which with interest amounted to $3,519.99, the capital of the bank both years being $105,000; and also showing that the present relator had, as a national bank, succeeded to all the rights and property of the Oneida Valley Bank, which was a bank incorporated under the laws of this State. The affidavit was presented to the board of supervisors of Madison county, and the bank claimed repayment of the taxes thus paid, under chapter 938 of the Laws of 1867. It appears from the return to the writ that this affidavit and the assessment roll of the town in which the bank was assessed were the only papers

before the board in reference to relator's claim, and constituted the only evidence.   The claim was referred to a committee, and they reported that in their opinion the bank had "no just or legal claim against the county for the repayment of the tax," and the report was adopted.

These taxes were assessed and paid before the decision of the Supreme Court of the United States was announced, holding that, under chapter 240 of the Laws of 1863, that portion of the capital or property of a bank which was invested in United States bonds, was exempt from taxation (*People ex rel. The Otsego County Bank* v. *The Board of Supervisors of Otsego County, ante,* p. 401), and hence nothing is to be taken against the relator, because it did not appear before the assessors and object to the assessment, or because it voluntarily paid the tax.

The affidavit showed that the capital of the bank was $105,000, but did not show whether it had any surplus earnings, nor how its surplus earnings, if it had any, were invested.   The assessment rolls showed that it was assessed for just $105,000 in each year.   The law required it to be assessed on a valuation equal to the amount of its capital stock and its surplus earnings, less ten per cent of its surplus earnings.   The learned counsel for the appellant claims that it does not appear that the bonds claimed to have been exempt were actually assessed, as the bank may have had surplus earnings enough to have made an assessment of $105,000 proper without including the bonds in question.   But this is not a fair criticism of the affidavit.   That alleges that the bonds were a part of the capital stock of the bank, and that the entire capital was in each year assessed, thus showing that the assessment was upon the capital and not upon the surplus earnings, and that the exempt bonds were included in the assessment.   If any part of the assessment was on account of surplus earnings, or if the bonds were not included in the assessment, the board had ample power under the statute to ascertain the facts.   (*The People ex rel.* v. *The Board of Supervisors of Otsego County, supra.*)   No court could

presume or have the right to infer, in opposition to the positive statement contained in the affidavit, that the assessment was not upon the capital stock alone.

Hence the facts presented to the board were sufficient to entitle the relator to have the taxes refunded, and it was the duty of the board to cause them to be refunded, as provided in the act. It had no discretion. The act is mandatory and imperative. (*The People* v. *The Board of Supervisors of Otsego County, supra.*) It rejected the claim, not because it was not sufficiently proved, but because it was " not just or legal." The legislature had determined that such a claim was just and legal, and whether it was or not, was not for the determination of the board. All that was submitted to its discretion was whether the bank had been assessed and had paid the taxes upon the bonds as claimed, and, when it found these facts to exist, it was bound to cause them to be refunded.

It was the office of a common-law certiorari to review this erroneous determination of the board of supervisors. (*Smith* v. *City of Poughkeepsie*, 37 N. Y., 511; *The People* v. *The Assessors of Albany*, 40 id., 154.) It matters not that the court cannot by certiorari cause the board to act and do its duty. It can review the erroneous determination of the board, and then, if the board should refuse to allow the claim, the relator can take such further remedy by mandamus or otherwise as the law gives him.

It is claimed by the learned counsel for the appellant that Higginbotham, the president of the bank, appears as relator instead of the bank. I do not so understand the affidavit upon which the writ was based. It shows clearly that the affidavit was made for and in behalf of the bank, and that it was the party seeking relief, and the only party interested in the relief, and it was so understood by the court allowing the writ.

Having thus considered all the points involved upon this appeal more briefly than I otherwise would if the important

questions had not been so fully considered in another case, argued at the same term, I reach the conclusion that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.