THE PEOPLE OF THE STATE OF NEW YORK EX REL. HUGO FUNKE AND OTHERS v. THE BOARD OF EXCISE OF THE TOWN OF FLUSHING.

*Board of excise—power of a court to review its decisions on a certiorari— 1873, chap. 549, § 4.*

The decision of a board of excise denying an application, made in pursuance of section four of chapter 549 of 1873, to have a license revoked on the ground that the licensee has violated the provisions of the act, is not reviewable upon a *certiorari*, when the board has not exceeded its jurisdiction or proceeded otherwise than in accordance with law.

CERTIORARI to the board of excise of the town of Flushing, to review their decision upon an application made for the revocation of a license theretofore granted by them.

On the 3d of September, 1880, a complaint, signed by the relators and verified by one of them, was filed with the board of excise of the town of Flushing, complaining of Charles J. Freygang, licensed innkeeper of the village of College Point, in said town, and charging that he had repeatedly sold and given away spirituous liquors and wines on Sunday, and especially that on Sunday, August 15, 1880, he had at his inn in College Point sold intoxicating liquor as a beverage to one L. A. Newcomb and various other persons, and praying that the license of said Freygang be revoked and canceled. The board thereupon summoned said Freygang before them to answer the complaint, and after having heard the evidence decided that it was not sufficient to warrant the revocation of the license

*Frederic G. Dow*, for the relators.

*James H. Sanbrough*, for the Board of Excise.

GILBERT, J.:

We are of opinion that this *certiorari* was improperly allowed. There is no allegation that the defendants exceeded their jurisdiction, or that they proceeded otherwise than according to law. Conceding that the statute under which the defendants acted (Laws 1873, chap. 549, § 4) is mandatory, and casts upon them the duty of revok-

ing licenses, yet that duty is dependent entirely upon their becoming satisfied that the licensee had violated some provision of the statute. The court cannot compel the defendants to be satisfied, or control their judgment in deciding upon the credibility of witnesses, or upon the effect of their testimony. If their determination is contrary to law, the court may reverse it. But the court has no power to revoke the license, or to order a re-trial, or to direct the defendants to revoke the license. (*People* v. *Supervisors*, 51 N. Y., 442, 446; *People ex rel. Beller* v. *Dwight*, 3 Hun, 306.) Even if the court had the power to cause the board to act again upon the complaint, it could not prescribe the decision which they should make. Successive decisions of the same kind might lead to other *certioraris*, but the result would be only to multiply utterly futile proceedings.

The *certiorari* should be quashed.

BARNARD, P. J., concurred.

Present — BARNARD, P. J.; GILBERT and DYKMAN, JJ.

Proceedings in case of Charles J. Freygang, quashed, with costs.
Proceedings in case of Joseph M. Donnelly, quashed, with costs.