THE PEOPLE OF THE STATE OF NEW YORK EX REL. WILLIAM H. KIMBALL AND OTHERS *v.* THE BOARD OF SUPERVISORS OF ST. LAWRENCE COUNTY AND OTHERS.

*Legislative action — not reviewable by certiorari — Illegal delegation of power to a committee of supervisors.*

The action of a Board of Supervisors in delegating to a committee the power to locate and purchase a site for a " Children's Home," where, in the judgment of such committee, the interest of the county would be best subserved, and to incur on behalf of the county an indebtedness therefor, and for the erection of a building, etc., is legislative in its character and not reviewable by *certiorari.*

*Semble,* that such action, together with all other and further proceedings, whether by the board or by the committee (including the issuing of bonds), having in view the carrying of such action into effect, is void.

CERTIORARI to review the action of the Board of Supervisors of St. Lawrence County.

The following proceedings of the board were contained in the return made pursuant to such writ:

" *Resolved,* That Messrs. Sanford, Babcock and Richardson be a committee to locate and purchase a site for a Children's Home; that they take into consideration the present offers from Ogdensburg, Norwood and Canton, and locate the same, where, in their judgment, the interests of the county require, and that provisions be made to raise a sum not to exceed $10,000 for the purpose of site, building, etc., which bill shall also provide for a building committee.

" Mr. J. M. Wells moved to amend the substitute by adding Messrs. Abram and Fleetham, and the motion prevailed by the following vote:

" Yeas,   *   *   *   18.   Nays,   *   *   *   14.

" The substitute, as amended, was then carried by the following vote :

" Yeas,   *   *   *   28.   Nays,   *   *   *   4.

" Mr. Godard moved that the committee to locate site have power to appoint a building committee for the erection of the Children's Home.   (Carried.)

" Mr Godard introduced a bill entitled 'An act to authorize the treasurer of the county of St. Lawrence to issue certificates of indebtedness and borrow money on the credit of the county of St. Lawrence for the erection of a Children's Home,' and asked unanimous consent that the same be referred to the committee of the whole.

" So ordered.

" The board then went into committee of the whole on said bill. Mr. Robinson in the chair.   On the rising of the committee the chairman thereof reported that the committee of the whole had had the said bill under consideration, had made some progress therein and asked leave to sit again.

" Report agreed to and leave granted.

    *     *     *     *     *     *     *     *

" Thursday, Dec. 2, 1880.

    *     *     *     *     *     *     *     *

" By Mr. Godard :

" *Resolved*, That the building committee for a Children's Home receive and perfect plans and specifications for the erection of a Children's Home, or repairs thereon, and furnishing the same. That said committee receive proposals for the building of said Children's Home, or repairs and furnishing, and accept the most favorable proposals for the county, which shall not exceed $10,000, including site ; such proposals to be accompanied with a bond conditioned for the faithful performance of the contract, in the sum of $5,000, with sufficient sureties, and which committee shall have power, as fast as different stages of the work are completed, to authorize the county treasurer to make partial payments upon such work, and shall have power to direct as to details in the building or repairs not fully provided for in the plans and specifications.

" Adopted.

" By Mr. Idler :

" *Resolved*, That the committee heretofore appointed by this board to locate a site for the Children's Home be and they hereby are authorized, directed and empowered to purchase for, and in the name of the county of St. Lawrence, such site as they shall locate for said home, the purchase-price of which the treasurer of said

county is hereby directed and empowered to pay upon proper certificates from said committee out of the funds provided therefor.

"Adopted.

\*    \*    \*    \*    \*    \*    \*    \*

"The Board of Supervisors of St. Lawrence county do enact as follows:

"Section 1. The treasurer of the county of St. Lawrence is authorized and directed to issue certificates of indebtedness of said county to the amount of $10,000, in denominations of not less than fifty dollars, nor exceeding $1,000, payable to bearer, dated March 1, 1881, with interest payable annually, one-half of which bonds shall mature within two years, and one-half within three years from said date, and which said county treasurer is authorized and directed to sell at a price not less than par and accrued interest, and apply the proceeds in payment for the site of said Children's Home, and the repairs and furnishing thereof, in accordance with the resolutions of said board, provided that such issue of certificates shall not exceed the bid accepted by the building committee, and cost of site.

*L. W. Russell*, for the relators.

*Foote & Kellogg*, for the respondent.

BOCKES, J.:

We have no hesitation in declaring our opinion that the resolution adopted by the Board of Supervisors, December 2, 1880, by which that body attempted to delegate to a committee comprised of five of its members, the right to locate and purchase a site for the "Children's Home," where in their judgment the interests of the county would be best subserved; and in their discretion to incur indebtedness upon the county therefor; and also in the erection of a building on such site, with all other and further action, whether by the board or by the committee, having in view the carrying into effect the resolution, was without sanction of law and void. Nothing is better settled both on principle and authority than this, that rights, privileges and duties conferred or imposed upon public officers and public bodies in the aggregate, cannot be delegated — especially is this so as to subjects and matters where judgment and

discretion are to be invoked and exercised. The authority to select a site for the "Home," to contract for its purchase and to direct expenditures in the erection of the building, rested with the board, and required the exercise of the judgment and discretion of that body when legally convened for the performance of public duties. Its power and authority could be exercised in no other way. The substitution of a committee to take the ·place of the entire board, as to matters involving the judgment and discretion of that body, was unauthorized ; and all persons dealing with such committee would be bound to notice and knowledge of its incapacity to bind the county by any assumption of power by its members. So, too, bonds of the county issued to carry out an unauthorized assumption of power would be invalid even in the hands of holders for value (*Cagwin* v. *The Town of Hancock*, 23 Alb. Law J., 313 ; *Ogden* v. *County of Daviess*, Id., 256.)

But the question here is whether the relators are entitled to the relief they pray for by *certiorari*. This proceeding is not taken to reverse a judgment or judicial determination of the Board of Supervisors, but to obtain the judgment of this court, declaring and adjudging a resolution of that body null and void. The relief desired is anomalous in a proceeding by *certiorari*, where the judgment can be only, as the cases hold, either one of simple reversal or affirmance of the determination of public officers or public bodies when acting in a judicial or *quasi* judicial capacity. In this case we think the relief sought by the writ was unnecessary and without precedent ; unnecessary, as the resolution and action of the board and of its committee are null and void on the face of the record brought before us ; and unprecedented and unauthorized, because it is sought by this proceeding to review acts which are entirely legislative, executive and ministerial in character. The selection of a site for the "Home," the incurring of expense in its purchase, the erection of an edifice thereon, and the manner of its erection, and the extent of the entire expenditure rested in the discretion and judgment of the board and was legislative in character rather than judicial ; as was, indeed, the subject itself, whether or not a site should be procured and an erection made. The carrying out and into effect the determination, when made, would be executive and ministerial. There was nothing of a judicial character in the

exercise of the power and authority of the board over the subject. The action of the board in that regard could not therefore be reviewed by *certiorari* — such right is not given by statute, and it does not exist at common law. As laid down in the books, the office of the writ of *certiorari* is to correct errors committed by inferior courts, special tribunals, magistrates and even municipal corporations, when exercising judicial or *quasi* judicial powers, and acting summarily or in a way not known to the common law. Nor will the writ lie when the party affected by the act or acts complained of and sought to be reviewed has another adequate remedy in the courts. Citation of authorities in support of the above proposition has not been given because numerous and familiar. We are cited to *The People* v. *The Board of Assessors* (39 N. Y., 81), for the doctrine that the office of the writ extends to the review of all questions of jurisdiction, power and authority of an inferior body or tribunal to do the act complained of, and to all questions of regularity in the proceeding, and whether the inferior tribunal has kept within the boundaries prescribed for it by the expressed terms of the statute or by well settled principles of common law. Here, however, the court was speaking directly of *tribunals* and officers or public bodies possessing and exercising judicial or *quasi* judicial function as regards the particular matter or subject of complaint; and this remark will properly apply to all that is relied on by the relator's counsel contained in *The People* v. *Metropolitan Police Board* (39 N. Y., 506), and in *The People* v. *Supervisors of Westchester* (57 Barb., 377), and in *The People* v. *Supervisors of Madison* (51 N. Y., 442). The decision most applicable to the case in hand is furnished us in *The People* v. *The Supervisors of Livingston County* (43 Barb., 232), where it is said : " The office of the writ of *certiorari* is to bring up for review in the superior court the record of an inferior court or of a tribunal exercising judicial functions. It is not the office of the writ to bring up the proceedings of any other bodies or classes of public officers. Courts are instituted to decide judicial questions, and superior courts review the record and proceedings of inferior courts or of officers or tribunals acting in a judicial capacity, and in no other." In that case it was sought to review a resolution of the Board of Supervisors, as in this case, the passing of which resolution rested in the discretion of that body.

The court remarked : " In passing the resolution brought before us on this writ, the Board of Supervisors were not acting in any judicial capacity — they were acting purely in a legislative capacity ; " and further, the question before the board " was not a question of a judicial nature, but one of a clear legislative character." It may be here remarked that the removal of officers for cause and the assessment and levying of taxes are held to be judicial or *quasi* judicial acts, hence a remedy exists by *certiorari* in those classes of cases. It was further held in the case last above cited that a *certiorari* would not lie to bring up incipient resolutions or proceedings upon which a tax might ultimately be based, before any tax was laid or any final adjudication or determination was had in the matter. To the same effect is the decision in *Cuyler* v. *Trustees of Palmyra* (3 Hun, 549). In these cases the writs were quashed.

For the reasons above given, we are of the opinion that the *certiorari* in this case should be quashed, but without costs.

LEARNED, P. J., and BOCKES, J., concur in quashing writ for the reasons given. As the writ is quashed we cannot pass on the validity of the action of the supervisors.

*Certiorari* quashed, with costs.