In the Matter of the Final Accounting of MARY J. MORGAN, Executrix of the Will of CHARLES MORGAN, deceased.

A gift by a father to a child entitled to share in the estate of the donor, will not be held to be an advancement within the meaning of the provision of the statute of descents (1 R. S., 754, § 23), in relation to advancements to a child of an intestate, where it expressly appears to have been the intention of the father that the gift should not be considered as an advancement.

Statement of case.

A gift made by the intestate to his wife is not affected by said provision ; such a set-off is only allowed as against children.

A party who has permitted the reception of improper evidence without properly objecting thereto, may not thereafter object to the same, and has not a legal right to have the same stricken out.

An objection made before a question is put calling for the evidence objected to, where there has been no offer of evidence, is premature, and so not available.

An exception to an erroneous ruling of a surrogate on the trial by him of an issue of fact is not a ground for reversal, where it does not appear that the exceptant was necessarily prejudiced thereby. (Code of Civ. Proc. § 2545.)

(Argued December 3, 1886 ; decided January 18, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 8, 1885, which affirmed a decree of the surrogate of the county of New York upon final settlement of the accounts of Mary J. Morgan, executrix, etc.

The material facts are stated in the opinion.

*John E. Parsons* and *Chas. W. Dayton* for the appellants. The effect of the provision in Mr. Morgan's will, that his property be "given, devised and bequeathed as provided by the laws of the State of New York in cases of intestacy," was to incorporate into the will the statute of distribution. (*Stuart* v. *Stuart*, L. R. 15 Ch. Div. 544 ; *McRae* v. *McRae*, 3 Bradf. 199, 206 ; R. L. of 1813, 313 ; Kent and 1 Radc. ed. Laws of N. Y., rev. 1801, 538 ; *Beebe* v. *Estabrook*, 79 N. Y. 246 ; *Walton* v. *Walton*, 14 Ves. 324 ; *Camp* v. *Camp*, 18 Hun, 217.) If by the terms of the will Mr. Morgan's estate is to be distributed as provided by the laws of the State of New York in cases of intestacy, the gifts are to be charged by way of advancement. (*Lawrence* v. *Lindsay*, 68 N. Y. 108, 111, 112 ; *Beebe* v. *Estabrook*, 79 id. 246, 251 ; *Sanford* v. *Sanford*, 61 Barb. 293, 299 ; *Dubois* v. *Ray*, 35 id. 162 ; *Langdon* v. *Astor's Ex'rs.*, 16 id. 9, 33 ; *Benjamin* v. *Dimmick*, 4 Redf. 7 ; *Parks* v. *Parks*, 19 Md. 323, 333 ; *Graves* v. *Spedden*, 46 id. 527, 533 ; *Ison* v. *Ison*, 5 Rich.

[S. C. Eq.] 15; *Rickenbacker* v. *Zimmerman*, 10 S. C. 110; *Stevenson* v. *Masson*, 43 L. J. [N. S.] Ch. 134; *Leighton* v. *Leighton*, L. R. 18 Eq. 458, 467; 2 Black. Com. 140; *Osgood* v *Breed's Heirs*, 17 Mass. 356; *Chase* v. *Ewing*, 51 Barb. 612; 24 Mass. 619; *Smith* v. *Smith*, 21 Ala. 761.) It is not the law that a gift to a child who does not need a portion or settlement in life, is not an advancement within the statute. (*Chase* v. *Ewing*, 51 Barb. 612; Burrill's Law Dict. "Advancement;" *Merrill* v. *Rhodes*, 37 Ala. 449; *Autrey* v. *Autrey*, id. 614; *Johnson* v. *Hoyle*, 3 Head. 56; *Grattan* v. *Grattan*, 18 Ill. 167; *Dillman* v. *Cox*, 23 Ind. 440; *Hollister* v. *Attmore*, 5 Jones [N. C.], Eq. 373; *Lawrence* v. *Lindsay*, 68 N. Y. 112; *Cecil* v. *Cecil*, 20 Md. 153; *Mitchell* v. *Mitchell*, 8 Ala. 414; *Holliday* v. *Wingfield*, 59 Ga. 206; *Camp* v. *Camp*, 18 Hun, 218; *Walker* v. *Quigg*, 6 Watts. [Penn.] 87; *Sampson* v. *Sampson*, 4 S. & R. [Penn.] 333; *Osgood* v. *Breed's heirs*, 17 Mass. 358; *Jackson* v. *Matsdorf*, 11 Johns. 91; *Parish Admr.* v. *Rhodes*, Wright [O.], 339; *Brown* v. *Burke*, 22 Ga. 574; 8 Iredell, 121; *Grattan* v. *Grattan*, 18 Ill. 167; *Lawrence* v. *Mitchell*, 3 Jones [N. C.], 190; *Scott* v. *Scott*, 1 Mass. 526; *Hatch* v. *Straight*, 3 Conn. 31; *Clark* v. *Warner*, 6 id. 355; 1 Madd. Ch. Pr. 507; 4 Kent, 418; *Brown* v. *Brown*, 16 Vt. 197; *Fellows* v. *Little*, 46 N. H. 27; *Sayles* v. *Baker*, 5 R. I. 457; *Law* v. *Smith*, 2 id. 252.; *Weatherhead* v. *Field*, 26 Vt. 204; *Miller's Appeal*, 31 Penn. 337; *Bukely* v. *Noble*, 2 Pick. 340; *Christy's Appeal*, 1 Grant's Cas. [Penn.] 369; *Watkins* v. *Young*, 31 Gratt. 84; *Hepworth* v. *Hepworth*, 11 L. R. [Eq.] 10; *Fowkes* v. *Pascoe*, 10 L. R. [Ch.] 343.) There never was that delivery of the stock, or anything equivalent to it, which the law makes essential to a gift. (*Powell* v. *Hellicar*, 26 Beav. 261; *Hunter* v. *Hunter*, 19 Barb. 631; *Antrobus* v. *Smith*, 19 Ves. 39; *Trimmer* v. *Danby*, 25 L. J. Ch. 424; *Lambert* v. *Overton*, 13 W. R. 227; *Jones* v. *Lock*, L. R. 1 Ch. Ap. 25; *Moore* v. *Moore*, L. R. 18 Eq. 474; *Sharp* v. *Paton*, 10 C. of S. Cas. 1000; *West* v. *West*, 9 L. R. Ir. 121; *Austin* v. *Mead*, L. R. 15 Ch. D 651; *Irons* v. *Smallpiece*, 2 Barn. & Ald.

551; *Noble* v. *Smith*, 2 Johns. 26; *Young* v. *Young*, 80 N. Y. 422; *Tate* v. *Hibbard*, 2 Ves. Jr. 111; *Hewitt* v. *Kaye*, L. R. [6 Eq.] 198; *Beak* v. *Beak*, L. R. [13 Eq.] 489; *Davis* v. *Lane*, 10 N. H. 156; *Drew* v. *Munn*, L. R. 4 Q. B. D. 661; *Marwick* v. *Hardingham*, L. R. 15 Ch. Div. 339; *Smout* v. *Ilbery*, 10 M. & W. 1; *Hunt* v. *Rousmainer*, 8 Wheat. 201; Angell & Ames on Corp. § 560; *Edwards* v. *Hall*, 5 De. G. M. & G. 74; *Denton* v. *Livingston*, 9 Johns. 96.)

*Charles A. Davison* and *S. B. Brownell* for appellants. In order to constitute a gift *inter vivos* the donor must renounce and the donee acquire all interest in the subject of the gift. (*Hunter* v. *Hunter*, 19 Barb. 631; *Antrobus* v. *Smith*, 19 Ves. 39; *Trimmer* v. *Danby*, 25 L. J. 424; *Taylor* v. *Henry*, 48 Md. 550; *Pope* v. *Savings Bk.*, 56 Vt. Rep. 284; *Jones* v. *Locke*, L. R., 1 Ch. App. 25; *Young* v. *Young*, 80 N. Y. 422; Part 2, Cow. and Hill's notes [3d ed.] 826, 831.) If the transfers to Frances E. Quintard, Maria Louise Whitney and Richard J. Morgan were in fact completed gifts, they were *advancements*, and as such to be charged against and deducted from their several and respective legacies. (2 R. S. [Edmond's ed.] 299, 101, §§ 75–79; *Beebe* v. *Esterbrook*, 11 Hun, 523; 1 Wait's Act. and Def., 205; Bouvier's Law Dict.; Burrill's Law Dict.) The presumption that the gifts were advancements is greatly increased in the present instance by the magnitude of the gifts. (*Sanford* v. *Sanford*, 5 Lans. 491; *Taylor* v. *Taylor*, Eng. L. R. 20 Eq. Cases, 125.) If the gifts in question were not complete until after the execution of the will, then they are to be deemed as an ademption *pro tanto* of the legacies under the will. (Story Eq. Jur. §§ 1111, 1112; 1 Roper on Leg. 374; *Hine* v. *Hine*, 39 Barb. 507; *Benjamin* v. *Dimmick*, 4 Redf. 7; *Langdon* v. *Astor*, 16 N. Y. 34.)

*Joseph H. Choate* and *Francis Lynde Stetson* for Mrs. Whitney, Mrs. Quintard and S. G. Bogart, executor, respondents. The legal title to the shares in question was

fully transferred to and vested in the respondents by the con-
current acts of Mr. Morgan, of Mr. Whitney, personally and
as president, and of the other officers of the corporation, on
the 14th and 15th of April, 1878. (*Carpenter* v. *Soule*, 88
N. Y. 251; *Cutting* v. *Damerel*, id. 411; *Jackson* v. *R. R.
Co.*, id. 526; *Willis* v. *Smyth*, 91 id. 297; *Brisbane* v. *R.
R. Co.*, 94 id. 205; *Mabie* v. *Bailey*, 95 id. 206; *Armitage*
v. *Muce*, 96 id. 538; *In re Smithers*, 30 Hun, 635; *Stone* v.
*Hackett*, 12 Gray, 227; *Gilman* v. *McArdle*, 99 N. Y. 451,
457; Lowell on Transfer of Stock, §§ 8, 9, 12, 44, 109; 3
Lindley on Part., chap. 5, § 1; *Humble* v. *Mitchell*, 11 Ad.
& E. 205; *Fisher* v. *Essex Bk.*, 5 Gray, 373, 378; *Gillette*
v. *Fairchild*, 4 Denio, 80; *Anderson* v. *Nicholas*, 28 N. Y.
600; *Agricultural Bk.* v. *Burr*, 24 Me. 256; *Thorp* v.
*Woodhull*, 1 Sandf. Ch. 411; *Rutter* v. *Kilpatrick*, 63 N.
Y. 604; *Johnson* v. *A. & S. R. R. Co.*, 40 How. Pr. 193;
*Wheeler* v. *Allen*, 49 Barb. 461; *First Nat. Bk. of Daven-
port* v. *Gifford*, 47 Ia. 575, 586; *Brigham* v. *Mead*, 10
Allen, 245; *Field* v. *Pierce*, 102 Mass. 253, 261; *Comins*
v. *Cole*, 117 id. 45–48; *Beckett* v. *Houston*, 32 Ind. 393;
*Cecil Nat. Bk.* v. *Watsontown Bk.*, 105 U. S. 217; *Burrall*
v. *Bushwick*, 75 N. Y. 211; *Robinson* v. *Bk. of New
Berne*, 95 id. 637; *Sargent* v. *Ins Co.*, 8 Pick. 90; *White*
v. *Salisbury*, 33 Mo. 150; *Boatman's Ins. Co.* v. *Able*, 48 id.
136; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 38 Barb. 534;
34 N. Y. 30, 81; *Chouteau Spring Co.* v. *Harris*, 20 Mo.
382, 390; *Ellis v. Essex Merrimac Bridge Proprietors*, 2
Pick. 243, 248; *Stebbins* v. *Phœnix Fire Ins. Co.*, 3 Paige,
350, 361; *Grymes* v. *Hone*, 49 N. Y. 17; *Walsh* v. *Sexton*,
55 Barb. 251; *Westerlo* v. *De Witt*, 36 N. Y. 340; *Reed* v.
*Copeland*, 50 Conn. 472, 487–491; *Brooks* v. *Marbury*, 11
Wheat. 78; *Rogers' Works* v. *Kelley*, 88 N. Y. 234; 3 Wait's
Act. and Def., 491; 50 Conn. 491; *Roberts' Appeal*, 85 Pa. St.
84; *Church* v. *Gilman*, 15 Wend. 656; *Brown* v. *Austen*,
35 Barb. 341; *Fisher* v. *Hall*, 41 N. Y. 416, 422, 423;
*Grover* v. *Grover*, 24 Pick. 261; *Sumpter* v. *Tucker*, 14
Ark. 185.) The surrogate and the General Term did not err

in holding that the law of advancements was not applicable in the administration or distribution of the estate of Charles Morgan. (*Terry* v. *Dayton*, 31 Barb. 519, 522; *Holt* v. *Frederick*, 2 P. Will. 358; *McFall* v. *Sullivan*, 17 S. C. 504, 518; *Greene's Ex'r* v. *Speer*, 37 Ala. 532, 535; *Thompson* v. *Carmichael*, 3 Sandf. Ch. 120, 135; 4 Bacon's Abridg. [Am. ed., 1868] 99; *Wheeler* v. *Sheer*, Moseley, 302, 304; *Cowper* v. *Scott*, 3 P. and Will. 119, 125; 3 Redf. [3d ed.] 430, § 23; *Walton* v. *Walton*, 14 Ves. 318, 324; *Brewton* v. *Brewton*, 30 Ga. 416; *Cleaver* v. *Kirke*, 3 Metc. [Ky.] 270; *Brown* v. *Brown*, 2 Iredell Eq. [N. C.] 309; *Black* v. *Whitall*, 9 N. J. Eq. 572; *Newell's Case*, Browne [Pa.] 311; *Kreider* v. *Boyer*, 10 Watts [Pa.] 54; *Wilson* v. *Miller*, 1 P. & H. [Va] 353; *Coom* v. *Herring*, 4 Hawks, 393; *Hays* v. *Hibbard*, 3 Redf. 29; *Camp* v. *Camp*, 18 Hun, 217; *Clark* v. *Kingsley*, 37 id. 246.) When Mr. Morgan used the words "my property," in his will, his clear purpose was to dispose, not of what he had not, but of what he then had. (*Wheeler* v. *Sheer*, Moseley, 302, 304; *Camp* v. *Camp*, 18 Hun, 217; *Black* v. *Whitall*, 9 N. J. Eq. 572, 586.) When a will directs that the whole of the property of a testator "be disposed of as the law directs," it is to be deemed a disposition of the estate, and advancements will not be required to be brought into hotchpot as in case of intestacy. (*Walton* v. *Walton*, 14 Ves. 324; *Brewton* v. *Brewton*, 30 Ga. 416; *Kreider* v. *Boyer*, 10 Watts, 54; *Cleaver* v. *Kirke*, 3 Metc. [Ky.] 270; *Brown* v. *Brown*, 2 Iredell [N. C.] Eq. 309; *Newell's Case*, Browne [Pa.] 311; *Croom* v. *Herring*, 4 Hawks, 393; *Hays* v. *Hibbard*, 3 Redf. 29; *Camp* v. *Camp*, 18 Hun, 219; *Clark* v. *Kingsley*, 37 id. 246; *Black* v. *Whitall*, 9 N. J. Eq. [1 Stock.] 572; *Wilson* v. *Miller*, 1 P. & H. [Va.] 353.) It was not error for the courts below to hold that even if the statute concerning advancements were operative under the terms of the will, still it would not apply in respect of these shares of stock in question, which were not "advanced by the deceased by settlement or portion." (*Weatherhead* v. *Field*, 26 Vt. 665, 668; *Clark* v.

*Wilson*, 27 Md. 693–700 ; *Morris* v. *Morris*, 9 Heisk. [Tenn.], 814, 817, 818 ; *Mitchell* v. *Mitchell*, 8 Ala. 421 ; *Merrill* v. *Rhodes*, 37 id. 449 ; *Woolery* v. *Woolery*, 29 Ind. 251 ; *Dillman* v. *Cox*, 23 id. 440 ; *Barber* v. *1aylor*, 9 Dana, 85 ; *Nelson* v. *Bush*, id. 105 ; *Parks* v. *Parks*, 19 Md. 323 ; *Cecil* v. *Cecil*, 20 id. 153 ; *Graves* v. *Spedden*, 46 id. 527 ; *Callender* v. *McCreary*, 5 Miss. 361 ; *Marsh* v. *Gilbert*, 2 Redf. 465 ; *Fennell* v. *Henry*, 70 Ala. 484 ; S. C., 45 Am. Rep. 88 ; *King's Estate*, 6 Whart. 370 ; *Lee* v. *Boak*, 11 Grattan, 182 ; *Taylor* v. *Taylor*, 20 Eq. Cas. 155 ; *Alexander* v. *Alexander*, 1 N. Y. 508–510.) The same arguments, which prove that the gifts to the issue were not advancements, prove that the gifts to Mrs. Morgan, Mr. Whitney and Mr. Quintard are free from impeachment, and that, as executrix Mrs. Morgan is not chargeable, for purposes of distribution, with the 7,500 shares given to her, nor with the value of the 24,500 shares given to the other donees. (*Black* v. *Whitall*, 9 N. J. Eq. 572.) The surrogate had no jurisdiction to give relief, on the ground, independently of all others, that the transfers were procured by fraud, circumvertion or undue influence. (*Richardson* v. *Root*, 19 Hun, 473 ; *Stilwell* v. *Carpenter*, 59 N. Y. 425 ; *Boughton* v. *Flint*, 74 id. 481 ; *McNulty* v. *Hurd*, 72 id. 519 ; *Wright* v. *Fleming*, 76 id. 517 ; *Norris* v. *Norris*, 32 Hun, 175 ; *Post* v. *Mason*, 91 N. Y. 551.)

*Algernon S. Sullivan* for estate of Mary J. Morgan, deceased, respondent. There was a valid gift, *inter vivos*, of 7,500 shares of stock to Mrs. Morgan. It did not vest in agreement, but was completely executed. (2 Kent's Com. [13th ed.] 438 ; *Bedell* v. *Carll*, 33 N.Y. 383 ; *Gray* v. *Barton*, 55 id. 72 ; *Westerloo* v. *De Witt*, 36 id. 340 ; *Contant* v. *Schuyler*, 1 Paige Ch. 316 ; Lowell on Trans. of Stock ; *Grymes* v. *Hone*, 49 N. Y. 17 ; *Van Heusen* v. *Rowley*, 8 id. 358 ; *Carpenter* v. *Soule*, 88 id. 252 ; *Fowler* v. *Lockwood*, 3 Redf. 467.) The title to the shares of stock mentioned in the deed for her, was vested in Mrs. Morgan. It was not necessary that she should have received the certificates in

order to constitute her the lawful owner of the shares, a change of ownership having been noted upon the books of the company by its duly authorized officers. (*Nat. Bk.* v. *Watson Town Bk.*, 105 U. S. 222 ; *Sargent* v. *Essex Marine R. Co.*, 9 Pick. 201 ; 16 Mass. 94 ; *Buffalo etc. R. R. Co.* v. *Dudley*, 14 N. Y. 347.) The gifts to the children and grandchildren are not to be deemed advancements under the statute. The doctrine of advancement applies only in cases of total or partial intestacy. (*Thompson* v. *Carmichael*, 3 Sandf. Ch. 120 ; 2 Kent's Com. [13th ed.] 422 ; *Kircudbright* v. *Lady Kircudbright*, 8 Ves. 51 ; *Meeker* v. *Meeker*, 16 Conn. 387 ; *Sherwood* v. *Smith*, 23 id. 521 ; *Jackson* v. *Matsdorf*, 11 John. 91 ; *Hine* v. *Hine*, 39 Barb. 507 ; *Proseus* v. *McIntyre*, 5 id. 424 ; *Kingsbury's Appeal*, 44 Pa. St. 460 ; *Grattan* v. *Grattan*, 18 Ill. 170.)

DANFORTH, J. On the 16th of April, 1878, Charles Morgan made a will in these words : " All my property, real and personal, is hereby devised and bequeathed as provided by the laws of the State of New York in cases of intestacy." He appointed his wife, Mary J. Morgan, executrix, and on the eighth of May died. Letters testamentary were duly issued, and in February, 1880, the executrix applied to the surrogate for a judicial settlement of her account. Among other things (not material upon any question before us) she charged herself with 17,940 shares of the capital stock of "Morgan's Louisiana and Texas Railroad and Steamship Company." Objections were filed, in behalf of several grandchildren and great-grandchildren, to the effect that she should have charged herself with and accounted for 32,000 other shares of that stock. The testator, besides his widow and these objectors, also left surviving two married daughters, Mrs. Frances E. Quintard and Mrs. Maria L. Whitney, and a grandson, Richard J. Morgan, and anticipating a claim that these shares had been transferred by the testator before the execution of his will, the contestants also objected that there never was complete delivery of the shares, but if there were,

then it was the result of undue influence; and if not, that the account was wrong because it fails to charge each of the above named persons and Mrs. Mary J. Morgan, the widow of the testator, with 7,500 shares of that stock, "as advancements to each of them by the decedent, within thirty days previous to his death."

By consent of all parties, the surrogate sent the account to a referee, with directions "that he proceed to take testimony as to the facts in relation thereto, to examine the account rendered, to hear and determine all disputed claims and other matters relating to said account, and to make report thereon with all convenient speed, subject to the confirmation of the surrogate."

The referee, after a protracted hearing of testimony offered by all the parties, made a report by which he found that none of the objections were well taken. Upon motion, the surrogate confirmed the report of the referee, and upon appeal to the General Term the decision of the surrogate was affirmed. In all these tribunals it was held that the transfers of the 32,000 shares were complete and effectual before the execution of the will, and that the principle of advancement was not applicable. It thus appears that the arguments of the appellants have failed to convince either one of three tribunals that the positions lying at the bottom of their contention were well founded, and after the most careful consideration we find no error in the determination of which they now complain. So far, indeed, as Mrs. Quintard and Mrs. Whitney are concerned, I do not understand that the learned counsel for the appellant makes any claim that the shares transferred to them are to go back to the estate or be taken account of in any way as against the executrix. So far as the shares claimed by Mrs. Morgan are concerned, they cannot be affected by any considerations growing out of the statute relating to advancements, for such a set-off is allowed only against children. (1 R. S., 754, § 23.) So far as the validity of the transfer of that portion, and the residue of the 30,000 shares, depends upon a perfected delivery to the donees, the evidence warrants the conclusion

that nothing was left undone which was necessary to be done to deprive Mr. Morgan of the title thereto.

Upon the question of advancement the cases cited by the appellants are numerous, but upon the circumstances of the case ineffectual to change the result reached by the court below. They do not show, nor has any case been found to show that a gift to one entitled as a child to share in the estate of the donor, will be held to be an advancement when it expressly appears to have been the intention of the father that the gift should not be considered as such. The evidence goes to that length in this case and overcomes the presumption which might otherwise attach. It sustains the finding of the surrogate that " the transfers were not made by Charles Morgan as advancements or by way of settlement or portion in life, but were made for business reasons connected with or growing out of the operations and prospects of the said corporation, and with the intent on his part that by means of said transfers and other dispositions of property simultaneously made by him a controlling interest in the capital stock of the said corporation should be vested in his said transferees."

The acts of the testator and his declarations permit no other interpretation. If by his will it is apparent that he intended all his children to share in the distribution of his estate, his conduct and his words in parting, with portions of it before he made the will, show clearly that he did not intend they should share equally. Circumstances of his own creation leave no doubt as to his design and show that in his mind inequality was equity. It would, we think, defeat his purpose if the court should hold that the gift under the will should be impaired or lessened by his previous bounty.

I do not intend, however, to discuss this case at any length; it has been sufficiently examined and discussed by the courts below and it would be a useless repetition to do more than announce our conclusions.

In the first place we are of opinion that the evidence warrants the conclusions of the surrogate that the transfers of stock were complete, and that the legal title of the shares

passed to the donees before the execution of the will. *Second.* That none of the stock thus transferred was intended by the donor to be advances by way of settlement or portion, but the contrary.

These propositions depended upon inferences from evidence which, if not all one way, was certainly not all together in favor of the appellants' view. On the part of the donor was the expression of an intention to make an actual delivery of written instruments declaring that intention, and sufficient to warrant the transfer of title upon the records of the corporation, and which proved to be legally available for that purpose. Every act essential to deprive the donor of his possession and title was performed, and the actual, as well as the apparent title, vested in the donees. The evidence allows this view : If, as the appellants claim, the testimony of the witness Margaret Dobson, or some expressions in that of others, permits in either respect a different conclusion, neither the referee, nor surrogate, noi General Term deemed it satisfactory or controlling. It follows that neither the shares of stock nor the value thereof were to be reckoned as part of the testator's estate, nor the donees, who were distributees also, to be charged therewith in estimating the amount of their respec tive shares under his will.

A single question remains. An exception was taken before the referee to evidence, but, so far as appears, not presented to the General Term. One L. was called by the proponent. It appeared at the outset of his examination that he was a lawyer, residing in New Orleans, holding there the relation of attorney and counsel to Mr. Morgan (the testator), and that at his request he came to New York, where he was consulted and employed by him, among other things, in relation to the stock in question, its certificates and transfer, and other affairs connected with it, his property and his plans and desires in regard to it.

The examination of the witness on these subjects continued to such length that in the printed record it covers nearly nine pages, with only a single objection interjected at

a point where the witness was speaking of one of his inter-
views with Mr Morgan in regard to the law of this State
relating to the distribution of the property of an intestate.
The witness had stated that on the second of April he made a
brief statement to the testator in regard thereto, and subse-
quently on the day before he made his will, a very full state-
ment  He was then asked, "What was that statement?" and
the counsel for contestants objected "as immaterial and incom-
petent." It is obvious that this objection was too general and
did not raise the question now presented. It was overruled,
and the witness answered fully and continued in regard to the
execution of the transfers the day before the will was
executed, saying, "I did not at that time state to him any-
thing about the law of New York as to wills." At this point
the contestants' counsel objected to any testimony as to what
passed between the witness and Mr. Morgan preliminary to
the execution of the will, or anything about the subject of
his property, as immaterial and incompetent

The record states that counsel for the executrix claimed
that the objection ought not to apply "to what has already
come from the witness, and that such objection can only be
properly applied to what is to come hereafter," and that there-
upon contestants' counsel "makes the further objection that
what passed between this witness and Mr. Morgan is privi-
leged and protected by the relation of client and counsel."
The objection was overruled, and the exception then taken
is the one relied upon. It can have no force so far as
the testimony which preceded it is concerned. To that
extent the witness had gone without interruption and he
must be deemed to have been thought competent and his
evidence admissible by both parties. Moreover at the precise
point where the objection was made, the witness was testify-
ing in answer to the question, "Tell what he, Mr. Morgan,
said." To that question no objection was interposed, and he
had completed his answer and narration as to what occurred
at the interview of which he was speaking. Then came the
objection. If, as would seem, it had reference to testimony

already given, it came too late. It is entirely clear that a party who has sat by during the reception of incompetent evidence without properly objecting thereto, and thus taken his chance of advantage to be derived, therefrom has not when he finds such evidence prejudicial, a legal right to require the same to be stricken out. But even if the referee or surrogate could, in their discretion, strike out any of the testimony, no request was made that either should do so. If the objection related to evidence which might follow, it was too general. There was no new question to the witness, nor any offer of evidence. As to what followed, therefore, the objection was premature. It was not repeated. But assuming it to be good as to all that followed in the answer of the witness before the next question was put, it becomes unimportant. So much might be stricken out without impairing the weight of the evidence, or in any way affecting the conclusion reached upon the merits by either court. In no aspect could the exception require a new trial. For the evidence admitted under it fails to create even a suspicion that the exceptant was necessarily prejudiced thereby. (Code, § 2545.)

The judgment should be affirmed, with costs to the respondents, to be paid by the appellants.

All concur.

Judgment affirmed.