Brady, J.
Christina E. Smith, the testatrix, whose estate . is represented by the relator as her executor, was the owner of a certain piece or parcel of land in this city, and entitled to compensation for damages sustained by the alteration of grades under the act of 1872, passed May fifteenth.
In December, 1873, she presented to the board of assessors, through her counsel, a claim for such damages which it is alleged that the board of assessors wholly neglected and refused to assess during her life-time, or to do or perform any act required of them in relation thereto. She died on or about the 11th day of May, 1874, leaving a last will and testament appointing the relator as her executor. The will was duly admitted to probate.
It seems that the relator applied for a peremptory writ of mandamus directed to the respondents, commanding them to assess the damage, and to make and file a statement or award of the amount of such damage, which was denied. On appeal, however, this order was reversed by the general term, and a mandamus directed requiring them to discharge the duties which they were called upon to' perform in reference to the claim interposed. It is not necessary to pursue in detail the proceedings which characterized that process. It is enough, for the purposes of this appeal, to say that a certiorari was issued on the 20th of May, 1876. Upon the hearing it appeared that the respondents had concluded their labors in regard to the subject, and had transmitted to the board of revision and correction the assessment-list, and further, that the statement of awards had been filed in the finance department before the writ was issued, and consequently the writ was dismissed, the court holding that there was nothing before the board of assessors, and that the relator’s remedy was not by such a procedure.
The relator then brought an action against the mayor, etc., alleging that, under the act of 1872, the defendants became liable to persons owning lands on Eighth avenue, of the city of New York, on which buildings were erected, for such damages as had been, or might be occasioned to them *171 by reason of the change of grade, and that the plaintiffs’ testatrix was the owner of land upon that avenue which had been seriously damaged by such change, and that the board of asséssors had illegally and fraudulently made and filed in the proper department a statement and award of the amount of damage, loss and injury sustained' by the testatrix, and for this alleged fraudulent conduct claimed damages which were stated to be $150,000.
The complaint was dismissed on the assumption that the gravamen of the complaint was fraud, the damages claimed having resulted from alleged illegal and fraudulent conduct on the part of the assessors. The relator appealed from the judgment which was affirmed by the general term of this court (16 Hun, 407), and subsequently by the court of appeals, where it was declared that the only liability incurred by the city was that which was pointed out in the act itself, inasmuch as neither by statute nor at common law were the defendants liable to owners of real estate for injuries occasioned to them by reason of changes of grade in streets adjoining their premises. 104 N. Y., 74; 5 N. Y. State Rep., 558.
Subsequently the relator presented a petition to this court, in which a history of this proceeding was given and reference made to the decision of the court of appeals (supra), and asking that the judgment and order of the general term dismissing the certiorari might be set aside and the case reopened and reargued, and that before such reargument, the board of assessors should be compelled to make a further return as to certain matters which it was assumed had an important bearing upon the merits of the controversy. The petition was granted, the judgment set aside, and the case reopened and restored to the calendar for reargument.
Upon an examination of the case, the impediment which originally existed still presents itself with irresistible force, and the rule declared in the former decision must govern. The assessment roll having been filed, as already suggested, and the duties of the assessors as required by the act of 1872, having been fully performed, the office of the certiorari accomplishes nothing. This is, indeed, substantially conceded by the relator in his fourth point, in which it is said that although the court cannot by. certiorari compel the board of assessors to do its duty, it can reverse an erroneous decision of the board, and direct the statement and assessment to be removed from the finance department, and cites in support of that proposition, The People v. Supervisors, etc., 51 N. Y., 442.
That case, however, was considered in the judgment formerly pronounced in this proceeding. The court there said that although such an order was made in that case, founded upon a valid claim which the supervisors rejected, and the court held that they could reverse the action of the board, leaving the relator to a further remedy to enforce payment, *172 nevertheless, it should be borne in mind, that the control of the claim had not passed away from the board of supervisors which in regard to it was an existing authority. Such was not the case' when the assessors having completed the roll, transmitted it to another body for revision and correction. Their functions have then ceased.
It may be that the estate which the relator represents, has been unjustly treated and deprived of a just claim. But this court is not responsible for that result. The disastrous consequences which followed the various attempts of the relator to obtain compensation seem to have resulted from the return of the assessors and their consequent inability under our laws, to reconsider their act. Whether any remedy is left to the relator is a subject which we are not called upon to determine, and on which we do not express any opinion.
The writ should be dismissed. .
Daniels, J., and Van Brunt, P. J., concur.