MALCOLM *et al. v.* LYON.

*(Common Pleas of New York City and County, General Term.* June 6, 1892.)

1. PLEADINGS—ANSWER—SUFFICIENCY.
   In an action for labor and materials furnished, the answer was a general denial, "except as qualified by the offer of judgment," but contained no offer of judgment whatever. *Held,* that the pleadings presented no issue for trial.

2. PRINCIPAL AND AGENT—LIABILITY OF PRINCIPAL TO THIRD PERSON.
   In an action for materials furnished, it is no defense that defendant did not order the material, where the evidence showed that the orders were all made by defendant's authorized agent, or subsequently approved by himself.

Appeal from judgment on report of referee.

Action by Samuel Malcolm and another against Dore Lyon to recover for work and labor performed, and materials furnished. Plaintiffs had judgment on report of the referee, and defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Kellogg, Rose & Smith,* (*L. Laflin Kellogg,* of counsel,) for appellant. *Thomas C. Ennever,* for respondents.

PRYOR, J. Except as to the partnership of the plaintiffs, the pleadings present no issue for trial. The answer purports to be a general denial, but that denial is coupled with the condition, "except as qualified by the offer of judgment." Since the case contains no offer of judgment, it is impossible to perceive the scope and application of the attempted traverse. Again, the answer was amended by inserting the paragraph, that, "with the exception of the matters admitted to be due in paragraph second hereof, the defendant alleges payment by him of the items set forth in the bill of particulars with the exception of ———." With this blank, how can it be known what payments are alleged? Such being the pleadings before us, we should be justified in declining to examine the record; but as the plaintiffs chose, nevertheless, to proceed with the trial, we shall disregard the defects in the answer, and accept it as sufficient for its intended purposes.

The very careful opinion of the learned referee presents a satisfactory argument in support of his findings of fact and conclusions of law; and, in vindication of the judgment, we have but to expose the futility of the exception to evidence on which appellant relies for reversal. The error suggested by that exception consists in the admission of the orders for work; but as, with a few unimportant exceptions, no ground of objection to the evidence was indicated, the exception is nugatory. *Bergmann* v. *Jones,* 94 N. Y. 51. On the argument the contention was that it did not appear that defendant had authorized the orders, but the evidence was distinct and ample that they were issued by his agents, or else recognized and adopted by himself. Bearing in mind that the bill of particulars is in evidence, and recollecting the testimony of the plaintiffs, it is idle to urge that performance of the work was insufficiently proved. There is no merit in the appeal, and the judgment is affirmed, with costs.