(7 Misc. Rep. 188.)

KRAKOWSKI v. NORTH NEW YORK BLDG. & LOAN ASS'N.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

1. BUILDING AND LOAN ASSOCIATIONS—AMENDMENT OF ARTICLES.
   Where the articles of association do not provide for amendments thereof, an amendment is not binding on a member by the mere force of its adoption, but it must be shown that he had notice of its terms.

2. APPEAL—ANTICIPATORY OBJECTIONS.
   An objection to the reception of evidence is not available on appeal where it was made before the evidence was offered.

Appeal from tenth district court.

Action by Emil Krakowski against the North New York Building & Loan Association. From a judgment in favor of plaintiff, rendered by a justice without a jury, defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

James C. De la Mare, for appellant.

Fred C. Leubuscher, for respondent.

GIEGERICH, J.　This action was brought to recover the sum of $99.99, alleged to have been unlawfully retained by the defendant as against the plaintiff at the time when the latter withdrew from such defendant association.　The defendant sought to justify its retention of the sum in suit as a forfeiture under the provisions of certain "amended articles of association."　The articles of association contained in the plaintiff's pass book, and to the terms of which he had assented, did not embody the rule under which such forfeiture is claimed, except in part, and in that regard was qualified by a provision as to the defendant's having the funds for the loan pre-empted "in bank."　It appears from the evidence that the defendant did not have such funds in bank during the period in question.　In these "articles of association" appears no provision for their amendment, and therefore the "amended articles" could not be considered as binding upon the plaintiff by the force of their adoption alone. There was evidence sufficient to justify a finding on the part of a justice that the plaintiff was not made aware of the terms of the "amended articles" with reference to forfeitures, and this finding is not to be disturbed because of a conflict of evidence in such a case as that before us.　Weiss v. Strauss, (Com. Pl. N. Y.) 14 N. Y. Supp. 776; Lynes v. Hickey, 4 Misc. Rep. 522, 24 N. Y. Supp. 731.　But two exceptions were taken by the appellant.　They are not relied upon on this appeal, nor are they properly the subject of consideration.　That appearing on page 7 of the record fails to set forth the grounds of the objection, and is therefore insufficient.　Malcolm v. Lyon, (Com. Pl. N. Y.) 19 N. Y. Supp. 210; Riche v. Martin, (Com. Pl. N. Y.) 20 N. Y. Supp. 693; Carroll v. O'Shea, (Com. Pl. N. Y.) 21 N. Y. Supp. 956; Myers v. Cohn, (Com. Pl. N. Y.) 23 N. Y. Supp. 996. The general objection to the reception of evidence to be given by the witness Brady, as an expert, is unavailing, in that it was anticipatory, no offer of proof having been made.　In re Morgan, 104 N. Y. 74, 9 N. E. 861.　The judgment should be affirmed, with costs.