(7 Misc. Rep. 685.)

### JOHNSON v. PARKER.

(Common Pleas of New York City and County, General Term., April 2, 1894.)

APPEAL—OBJECTIONS NOT RAISED BELOW.

 Exceptions to the admission of evidence present no question for review where the ground of the objection was not stated.

Appeal from eleventh district court.

Action by Charles C. Johnson against Abel M. Parker for injury to personal property. From a judgment in favor of plaintiff, rendered by a justice without a jury, defendant appeals. Reversed, unless recovery is reduced.

Argued before BISCHOFF and GIEGERICH, JJ.

Wm. C. Carpenter, for appellant.

G. W. Hopkins, for respondent.

BISCHOFF, J. Plaintiff sued to recover damages for an injury to his bicycle, alleged to have been caused by the negligence of defendant's servant. The facts appearing from the record are that on a certain day plaintiff, after riding the bicycle for some distance, returned to his home for his overcoat, and left the machine against the curb in front of his dwelling; that a few moments afterwards he looked out of an upper window to keep watch of the bicycle, and saw the defendant's ice wagon drive to the curb, and over the chattel in question, thereby causing the injury for which damages are sought. There is sufficient evidence as to the negligence of the driver of the wagon, and of defendant's relation to him, to support a recovery upon the undisputed facts, and the justice was well justified in finding that the plaintiff was not chargeable with contributory negligence. The exceptions taken by the appellant are unavailing for the purposes of review, the ground of the objection not being stated (Malcolm v. Lyon [Com. Pl. N. Y.] 19 N. Y. Supp. 210; Myers v. Cohn [Com. Pl. N. Y.] 23 N. Y. Supp. 996); but, in any event, they do not present grounds for reversal. In view of the evidence adduced, the motion to dismiss the complaint was properly denied. On the undisputed evidence, however, as to the value of the chattel before and after the injury, the award of $150 damages cannot be supported. That, at the time of the injury, the bicycle was worth $150, is the conclusion reached by both the plaintiff's and the defendant's experts; but these witnesses also agree that the value of the chattel, unrepaired, is $20. Taking the most favorable view of the evidence, the recovery should not exceed $130. Therefore, the judgment must be reversed, and a new trial ordered, with costs to abide the event, unless the respondent shall stipulate to reduce the amount recovered by $20, in which case the judgment is affirmed, without costs.