## SUPREME COURT.

### SIMPSON AND OTHERS agt. LOFT AND OTHERS.

A *reply* or *demurrer* can be interposed to an answer, *only* when the answer contains new matter constituting a " counter claim," (*Code*, § 153.) (*This agrees with Thomas agt. Plumb, 7 How. P. R.* 57, *and Loomis agt. Dorshimer, ante page* 9; *and is adverse to Salinger agt. Lusk, 7 How. P. R.* 430.

If a defendant sets up new matter, which does not amount to a counter claim, he must prove it, though not put in issue by a reply, and if he prove it, the plaintiff may also prove new matter in avoidence, though not alleged in his pleading.

*Erie Special Term, June,* 1853. *Motion by defendant to strike out reply, and for judgment.* The action is upon a promissory note. The answer set up new matter by way of defence—to such new matter the plaintiff replied. On the 11th of April a motion was made to strike out a part of the reply, as redundant or irrelevant. That motion was granted. The order provided

that the defendant should have ten days from the 19th of April to demur to the reply.

  G. A. Scroggs, *for Plaintiffs*
  T. C. Reyburn, *for Defendant.*

Harris, Justice.—The pleading called a reply is authorized by the 153d section of the Code. By referring to that section, as it was amended in 1852, it will be seen that it is only where "the answer contains new matter constituting a counter claim," that the plaintiff may reply. In a case like that before me, there is no more authority for such a pleading, than there would be for a *rejoinder* to it. Nor is there any need of such a pleading. The law gives to the plaintiff all the benefit of such a pleading without it. The 168th section declares that the allegation of new matter in an answer, not relating to a counter claim, is to be deemed controverted by the adverse party, as upon a direct *denial* or *avoidance*, as the case may require. So that, now, a defendant who sets up new matter, which does not amount to a counter claim, must prove it, though not put in issue by a reply, and, if he prove it, the plaintiff may also prove new matter in avoidance, though not alleged in his pleading. Thus, whatever the answer, the plaintiff's rights are protected without further pleading on his part.

So, too, in respect to a demurrer to the answer. As I understand the latter clause of the 153d section, it is only to an answer containing new matter which constitutes a counter claim, that the plaintiff is authorized to demur. This, it seems to me, is the clear and obvious meaning of the terms found in that section. See Loomis agt. Dorshimer, (8 *Howard*, 9;) Thomas agt. Plumb, (7 *Howard*, 57.) I know that my brother Barculo, has struggled, with his usual ability, in Salinger agt. Lusk, (7 *Howard*, 430,) to defend this last relic of the common law system of pleading. If, as that eminent Judge seems to think, the power of testing the legal sufficiency of any pleading by a demurrer was, by the common law, vested in the court, I think even that power has been taken from it by the Code. I have

supposed that a party now, whatever his taste might lead him. to adopt, can only be indulged in such pleadings as the Code prescribes. Whatever is not expressly authorized by its provisions, is no longer a pleading. " The forms of pleadings and the rules by which their sufficiency is to be determined," must be looked for in that instrument. The 144th section authorizes a defendant to demur to a complaint in certain specified cases. I suppose the defendant is confined to the cases thus specified. The 153d section authorizes the plaintiff to demur to an answer in a single case—that is, when it contains new matter constituting a counter claim. I suppose a demurrer in any other case would be a nullity.

The only difficulty I have had in disposing of this case, has arisen from the previous practice of the parties. The plaintiff, assuming that he was bound to reply to the new matter of the answer, has served this pleading. The defendant, conceding the right of the plaintiff to serve the reply, has made his motion to strike out a part of it, as irrelevant or redundant. The court, assuming that the reply was a proper pleading, has ordered a portion of it to be stricken out, and charged the plaintiff with the costs of the motion. It seems too late now to strike out the whole reply as an unauthorized pleading. But, being satisfied that it is a mere nullity, and that the 168th section of the Code has secured to the plaintiff all the benefit he expected to derive from this pleading, I shall direct it to be set aside. The residue of the motion must be denied. Neither party should have costs upon this motion.