## Hodges *vs.* Hunt.

It results from the fact of an infant's contract not being binding upon him, unless it be for necessaries, that a new promise, made by him after he becomes of full age, must possess all the ingredients of a complete agreement, to enable the creditor to recover.

Hence, as no agreement is complete until the minds of the contracting parties meet, the new promise, to be binding on the infant, must be made to the creditor in person, or to his agent. The new promise creates a new contract; and the old debt supplies the consideration.

Most of the contracts of infants, not being binding upon them, a new promise does not impart to a contract any legal validity, so as to enable the creditor to enforce it; but the new promise creates a new contract, founded upon, and deriving its aliment from, the old demand, upon which the creditor may sustain a suit against the infant.

A reply not being admissible, in justices' courts, the allegation of new matter, in an answer, must in all cases necessarily be deemed controverted by the plaintiff; and it is competent for him to countervail it by evidence either in direct denial, or of new matter by way of avoidance.

Therefore, where, in an action commenced in a justice's court, the defendant puts in an answer setting up the defense of infancy, the plaintiff may, without replying, or amending his complaint, prove the making of a new promise by the defendant, after he became 21 years old.

HODGES, the plaintiff, sued the defendant Hunt before a justice of the peace on a promissory note signed by the defendant, for $19.50, dated April 26, 1854. The defendant put in an answer setting up the defense of infancy. There was no reply; and the plaintiff made no application to amend his complaint. On the trial the plaintiff proved the execution of the note, and the defendant proved that he was under 21 when he signed the note. The plaintiff then proved an absolute promise of the defendant, to pay the note, made after he became 21 years of age, to the attorney of the plaintiff, to whom the plaintiff had sent the note for collection. This evidence of a new promise was objected to, on the grounds, 1. That it was inadmissible under the pleadings; 2. That evidence of a new promise was inadmissible unless made directly to the plaintiff, or his agent. The justice rendered judgment in favor of the plaintiff; and on appeal the county court affirmed

the judgment of the justice. The defendant then appealed to this court.

*Charles Rich,* for the defendant.

*W. H. Andrews,* for the plaintiff.

*By the Court,* PAIGE J. The question in relation to the setting up of a new promise, made by an infant after he comes of age, in a reply to the defense of infancy, was fully discussed in the case of *Watkins* v. *Stevens,* (4 *Barb.* 168.) In that case the general term of the supreme court of this district came to the conclusion that the contract of an infant, unless for necessaries, could not become obligatory upon him, except by virtue of a new promise or ratification made by him after he became of age; that such new promise or ratification must be equivalent to a new contract; and that the suit against the infant could be sustained only on the contract created by the new promise or ratification; but that the rules of pleading admitted of the anomaly of allowing the plaintiff to declare on the original contract, which was not binding on the infant, and to reply specially the new promise made by him after he became of age, which was the only contract that could be enforced. (*See pages* 174, 175 *of that case, and the case cited.*) It results from the fact of the original contract not being binding on the infant, that the new promise must possess all the ingredients of a complete agreement, to enable the plaintiff to recover against the infant. Hence, as no agreement is complete until the minds of the contracting parties meet, the new promise, to be binding on the infant, must be made to the creditor in person, or to his agent. The new promise creates a new contract; and the old debt supplies the consideration. (4 *Barb.* 174, 175, 178. 11 *Wend.* 86. 3 *id.* 479. 2 *Hill,* 120.)

Although most of the contracts of infants are now held to be voidable and not absolutely void, yet as they are not binding on the infant, a new promise does not impart to them any legal validity so as to enable the creditor to enforce them; but the

new promise creates a new contract founded upon and deriving its aliment from the old demand, upon which the creditor may sustain a suit against the infant. (2 *Kent's Com.* 234. 1 *Metc.* 589. 3 *Wend.* 481. 2 *Hill,* 120. 17 *Wend.* 129, *&c.* 11 *id.* 85.) I think, therefore, that the language of Judge Welles in *Taft* v. *Sergeant,* (18 *Barb.* 323,) was not critically correct when he said that the note of the infant, in that case, stood revived and ratified by the new promise.

Although the complaint of the plaintiff in this action was founded on the original note, and not on the new promise, I nevertheless think that evidence of such new promise was admissible, under the pleadings. Under the old system of pleading the plaintiff could have declared on the original note, and have replied specially the new promise. Under the code of 1852, a plaintiff who founds his complaint on a contract made by an infant, cannot reply a new promise, to an answer setting up the defense of infancy; as under that code all replies except to new matter in an answer, constituting a counter claim, are abolished. (*Code,* §§ 153, 168.) But the code of 1852 makes provision for the want of a reply, by declaring that every allegation of new matter in the answer, not relating to a counter claim, is to be deemed controverted by the adverse party as upon a direct denial or avoidance, as the case may require. (*Code,* § 168.) As a reply is not admissible in a justice's court, the allegation of new matter, in an answer, in those courts, must in all cases necessarily be deemed controverted by the plaintiff; and it must be competent for him to countervail it by evidence either in direct denial, or of new matter by way of avoidance. (*Code,* § 64.) This rule must be applied to the pleadings and evidence in a justice's court, not only from the necessity of the case, but also in analogy to a similar principle incorporated in the 168th section of the code. It seems, also, that section 168 is expressly made applicable to justices' courts by sec. 64, sub. 15. The case of *Esselstyn* v. *Weeks,* (2 *Kernan,* 635,) goes far to establish that the evidence of the new promise, in this case, was admissible under the pleadings. In that case the action was commenced under the code of 1848,

which required replies to new matter in the answer; and the defendant put in an answer setting up the statute of limitations, and the plaintiff replied, in accordance with the old system of pleading, generally, that the cause of action accrued within six years, &c.; and Ch. J. Gardiner, delivering the opinion of the court of appeals, held that although according to the modern decisions in this country, the statute of limitations interposed an absolute bar to the original demand, and did not merely create a presumption of payment; and that although the spirit of these decisions required that the action should be founded on the new promise, instead of the original debt, yet as the rule of pleading adopted in that case had long been acted on, and as substantial justice could be attained under either mode of pleading, the pleadings would be considered sufficient, notwithstanding the code. That decision is applicable to this case. The only difference between the cases is, that by the code of 1848, under which the action of *Esselstyn* v. *Weeks* was commenced, the plaintiff was allowed to reply to allegations of new matter in the answer, and the code of 1852, in force when this action was commenced, abolished replies in all cases, except where the answer sets up a counter claim; and declares that in all other cases where new matter not relating to a counter claim is alleged in the answer, it is to be deemed controverted by the plaintiff as upon a direct denial or avoidance, as the case may require. Under the operation of this new principle of pleading introduced by the code of 1852, in a case like the present, the allegation of infancy, in the answer, is to be deemed controverted, as upon an avoidance, by a reply of a new promise after the defendant became of age. The pleadings in this case are therefore to be construed under the present code precisely as, with the addition of a reply setting up a new promise, they would have been under the code of 1848. Such a construction of the code of 1852 was adopted by Justice Harris in *Simpson* v. *Loft*, (8 *How. Pr. Rep.* 234.) In that case he held that under that code, where a defendant sets up in his answer new matter not amounting to a counter claim, the plaintiff may prove new matter in avoidance, although not

alleged in his pleading. This rule of construction, as appears from what I have already said, is applicable to the provisions of the code in relation to justices' courts. I conclude, therefore, that the evidence of the new promise by the defendant was properly received by the justice, under the pleadings in the action. The new promise created a new contract. It was made directly to the plaintiff's agent; and was absolute and unqualified.

I see no error in the judgment of the justice; and the judgment of the county court, affirming that of the justice, must be also affirmed.

[CLINTON GENERAL TERM, May 6, 1856. *C. L. Allen, Paige, James* and *Rosekrans*, Justices.]