## SUFFOLK COUNTY COURT.

STEPHEN CONKLIN, appellant agt. GEO. FIELD, respondent.

The fact that a party has sued for a part of a promissory note and recovered, supposing at the time, that the remainder had been paid, does not prevent him afterwards, on discovering that the remainder has not been paid, from maintaining an action to recover it—the former suit is not a bar to the latter.

In his complaint the plaintiff need only allege a balance due on the note ; he is not required to set forth the mistake which caused him in the former suit to claim only a part, instead of the whole amount of the note.

A reply being inadmissible in justice's court, the allegation of new matter, in the answer, must in all cases, be deemed controverted by the plaintiff, and it is competent for him to countervail it by evidence, either in direct denial or by way of avoidance ; the plaintiff must state a cause of action, and that is all that is required.

*January Term*, 1869.

THE complaint simply claims a balance of $40 due on a note for $50 by defendant to plaintiff. The answer sets up a general denial, and a former suit on said note in bar of this.

THOS. YOUNG, *for appellant.*
HENRY C. PLATT, *for respondent.*

HENRY P. HEDGES, County J. The plaintiff held a note against the defendant for $50. In June, 1867, he brought an action in justice's court claiming a balance of $10 and interest due thereon. In April, 1868, he brought another action on the same note and claimed $40 due thereon.

The note was proved. The defendant introduced in evidence the judgment in the former action in support of his plea thereof in bar of the action, and he pleaded also a general denial.

An indorsement "May 15, 1866, received $40," was by consent erased from the note on the trial. The plaintiff

then offered to prove that the indorsement of $40 was made under a mistake of fact, he, at the time, believing himself authorized to indorse that amount by Geo. Field, Jr., and that the $40 had been, since the former suit, recovered against him by said Geo. Field, Jr.

The defendant's counsel objected to the introduction of this evidence as inadmissible under the complaint, no mistake of fact being alleged therein, and also that the former suit on the note, was a bar to this.

The objection was sustained and on motion a non-suit was granted. The plaintiff appeals from the judgment of non-suit rendered by the justice.

The defendant's counsel maintains that the mistake of fact should have been pleaded in the complaint to entitle the plaintiff to give evidence thereof.

A reply not being admissible in justice's court, the allegation of new matter in the answer must in all cases be deemed controverted by the plaintiff, and it is competent for him to countervail it by evidence, either in direct denial, or by way of avoidance. Where the defense is infancy the plaintiff may, without replying, or amending his complaint, prove the making of a new promise by the defendant after he attained majority. (*Hodges* agt. *Hunt*, 22 *Barb.*, 150).

The plaintiff still claims the unpaid $40 as due on the note.

The defendant insists that the note is merged in the judgment.

A judgment upon a contract technically merges the demand, but not in so complete a sense that the courts cannot look behind it for the purpose of protecting the rights of the parties. (*Clark* agt. *Rowling*, 3 *N. Y.*, 216; *Dresser* agt. *Brooks*, 3 *Barb.*, 429 ; *Wyman* agt. *Mitchell*, 1 *Cow.*, 316).

If the plaintiff has a right to recover at all, it is upon the

balance due on the note. He complained claiming that balance. and I think rightfully.

He was not bound to anticipate and deny, or avoid the defense.

He must state a cause of action and he did so. The answer undenied or avoided is a bar, but that is deemed to be controverted by the plaintiff just as truly as if he had pleaded the very ground of avoidance offered by him to be proved. I think the plaintiff has a right to establish the fact that the indorsement and the former action were made, and brought under a mistake, and that the doctrine of merger cannot in this case be so deemed to apply as to work a virtual fraud.

The judgment of the justice's court must be reversed.