(9 Misc. Rep. 54.)

### KUHN v. AMERICAN AUTOMATIC KNIFE & NOVELTY CO.

(Common Pleas of New York City and County, General Term.   June 4, 1894.)

1. TRIAL—RECEPTION OF CUMULATIVE EVIDENCE.
   The admission of cumulative evidence is within the discretion of the trial court.

2. PLEADING—REPLY—DISTRICT COURT OF NEW YORK CITY.
   A judgment for defendant on a counterclaim in the district court will not be entered on the pleadings for want of a reply, as a reply is not necessary in the district court.

Appeal from second district court.

Action by Michael G. Kuhn against the American Automatic Knife & Novelty Company for money due on a contract for work and materials.   From a judgment rendered by a justice, without a jury, for plaintiff, defendant appeals.   Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

M. Hallheimer, for appellant.

Thomas F. Coen, for respondent.

BISCHOFF, J.   The action was brought to recover a balance due upon a contract, by the terms of which plaintiff was to manufacture and supply a certain quantity of dies, cutting apparatus, and steel tools to the defendant, for use in its business.   Defendant set up a breach of the contract, in that the goods furnished were not cut and fitted to an exactitude required by the agreement of the parties, and further made certain allegations in its answer, which were characterized as "counterclaims," whereby it was set forth that certain expense had been incurred by defendant by reason of this alleged failure of performance upon plaintiff's part.   Agreeably to their respective contentions, evidence of considerable extent was adduced for either party with regard to the manner in which the work had been performed; and a conflict resulted, which called for a determination by the justice, which was peculiarly within his province, and with which this court has uniformly declined to interfere, in the absence of apparent injustice.   There was ample evidence to support the judgment in plaintiff's favor; and, further, it appeared from the testimony of one of the defendant's witnesses that absolute exactness in manufacture of the goods was not contemplated by the contracting parties.

It was claimed that the court had no jurisdiction of the person of defendant, upon the ground that its place of business was in Kings county; but on the evidence presented upon this question, the justice was well authorized to find that as a matter of fact this corporation had a place of business within the jurisdictional limits.

The record is liberally punctuated with exceptions taken by appellant; but, upon a careful examination, they are found to be in no way of sufficient merit to require a reversal of the judgment.   Those taken to rulings upon questions asked by plaintiff's counsel on the direct examination failed to present the grounds of objection, in all but one or two instances, and are unavailing for purposes of review.

Myers v. Cohn (Com. Pl. N. Y.) 23 N. Y. Supp. 996; Malcolm v. Lyon (Com. Pl. N. Y.) 19 N. Y. Supp. 210. Many exceptions were taken to the court's refusal to allow the introduction of much obviously cumulative testimony, and to other rulings, relative to the order of proof, which rested entirely within the court's discretion. Consideration of these numerous exceptions in detail is uncalled for, and would in no way be of benefit to appellant.

It is claimed for the appellant that two of his witnesses were erroneously excluded from testifying as experts; but, upon the evidence given in support of their qualification, we find no reversible error in the justice's determination of this preliminary question of fact. See Slocovich v. Insurance Co., 108 N. Y. 62, 14 N. E. 802.

It is contended that the plaintiff did not serve a sufficient reply to defendant's counterclaims, and that, therefore, judgment upon the pleadings for the excess of such counterclaims over the amount demanded in the complaint should have been awarded. These counterclaims were most inartificially pleaded, containing merely an allegation of the necessary expenditure by reason of the facts alleged, with no demand for affirmative judgment; the relief prayed being merely that the complaint be dismissed. Furthermore, an allegation was embodied with this pleading to the effect that defendant had instituted an action, then pending, for damages sustained by reason of this alleged breach of contract,—the express subject-matter of such counterclaim,—which allegation would, in general, be available, alone, to defeat a recovery by a defendant. Code Civ. Proc. § 495.

At the trial, no motion for judgment on the pleadings was made, the defendant having merely moved that the "complaint be dismissed" upon the ground that "no reply had been served;" and the justice further called counsel's attention to the fact that a reply had actually been served before the trial. It is now claimed that the reply served was not sufficient, and that the defendant was entitled to judgment. Apart from the apparent insufficiency of the defendant's pleading, and the fact that a proper motion for judgment was not made, there is no force in this contention, for a reply is not required in the district courts. The pleadings to be interposed in justices' courts are enumerated in section 2935 of the Code of Civil Procedure, and this section regulates as to pleadings in the district courts. Laws 1882, c. 410, § 1347. No provision for service of a reply is found in the above section of the Code, and it has been uniformly held that a reply is unnecessary and inadmissible in justices' courts; new matter in the answer being deemed to be controverted, for the purpose of forming an issue. Conklin v. Field, 37 How. Pr. 455; Hodges v. Hunt, 22 Barb. 150; Wilcox v. Palmeter, 2 Hun, 517. The counterclaim was therefore not admitted upon the pleadings, and, the justice having found that there was no breach of contract upon the plaintiff's part, the defendant's claim, arising out of the alleged breach, necessarily failed.

Upon the record, we find no ground for disturbing the judgment, in the interests of substantial justice. Judgment affirmed, with costs.