(11 Misc. Rep. 620.)
## MARSTON et al. v. BAERENKLAN.

(City Court of New York, General Term. March 19, 1895.)

**EVIDENCE—PERTINENCY—VALUE OF SERVICES.**

Where plaintiff in an action for professional services alleged to have been rendered at an agreed price testified that such price was fixed by the agreement, evidence as to the fair and reasonable value of such services was properly excluded.

Appeal from trial term.

Action by Howard T. Marston and others against Gustav A. Baerenklan for professional services. From a judgment entered on a verdict in favor of defendant, and from an order denying a motion for a new trial, plaintiffs appeal. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK, J.

J. A. Kent, for appellants.

J. P. Niemann, for respondent.

VAN WYCK, J. The plaintiffs declared on a special contract to perform certain professional services as lawyers at an agreed price of $250, and the plaintiff who alone conversed about the oral contract testified unqualifiedly that the express agreement as to the price was that it should be $250 for the designated services, and that defendant expressly agreed to pay that sum for such services. This plaintiff was then asked, on his direct examination, by his own counsel: "What, in your opinion, is a fair and reasonable price for the services you rendered?" and to which defendant objected, and his objection was properly sustained. This plaintiff's unqualified testimony was that the price had been fixed by express agreement, and he had so declared in his complaint, and such inquiry was not made pertinent either by plaintiff's pleading or proof, and, if such inquiry was pertinent under his pleading, it was precluded by his proof; defendant came unprepared to meet such an issue; the question was too general, for it permitted of an answer that the price was greater than the one agreed upon and fixed by plaintiffs' proof and pleading, and no preliminary proof had been given of the witness' qualification to answer such an inquiry.

The plaintiffs' other exceptions are to rulings upon questions asked by their adversary, and to which they objected, but failed to present the grounds of their objection, and are unavailing for purposes of review, as shown by the record in this case. Kuhn v. Novelty Co., 9 Misc. Rep. 54, 29 N. Y. Supp. 73; Myers v. Cohn (Com. Pl. N. Y.) 23 N. Y. Supp. 996.

The case was properly submitted to the jury, and no exception taken to the judge's charge. The evidence is sufficient to justify the jury in finding, as they did, that the plaintiffs did not perform any services for the defendant. The judgment and order appealed from are affirmed, with costs.