(16 Misc. Rep. 374.)

### CLINCHY et al. v. APGAR.

(Supreme Court, Appellate Term, First Department. March 23, 1896.)

1. PLEADING—WAIVER.
   Even if a reply to a counterclaim in the district courts in the city of New York is required, the litigation of the counterclaim without objection waives the failure of plaintiff to reply.

2. APPEAL—REVIEW—EVIDENCE.

    Findings on conflicting evidence will not be disturbed on appeal.

3. OBJECTIONS TO EVIDENCE.

    Objections to evidence should state the grounds of objection.

Appeal from Ninth district court.

Action by John A. Clinchy and others against Henry J. Apgar for goods sold and delivered, in which defendant interposed a counterclaim for services rendered. From a judgment for plaintiffs defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Headley M. Greene, for appellant.

John C. Robinson, for respondents.

BISCHOFF, J. No reply is required to a counterclaim in an action brought in one of the district courts in the city of New York (Kuhn v. Novelty Co., 9 Misc. Rep. 54, 29 N. Y. Supp. 73), and in any case the defendant's litigation of the counterclaim, without objection, waived the effect of the plaintiffs' failure to reply (Muldoon v. Blackwell, 84 N. Y. 646). The complaint was for goods sold and delivered, and the amount for which the jury found for the plaintiffs, and judgment was rendered in their favor, was conceded to be due and owing from the defendant. The only issue, therefore, which was litigated upon the trial, referred to the defendant's counterclaim for work, labor, and services performed, and materials furnished, in the repair of a boiler, at the alleged instance and request of the plaintiffs. The plaintiffs were partners, and the defendant testified that he was directed to do the work by James N. Clinchy, one of the plaintiffs; but the latter denied that he gave the defendant any such direction. There was, furthermore, evidence from which it was a fair and permissible inference that the repairs were made necessary because of the originally defective setting of the boiler by the defendant under a contract with one Briggs. Bearing in mind that the witnesses referred to, James N. Clinchy and the defendant, were each personally interested in the result of the trial, and their testimony, therefore, not conclusive, we cannot say, in the absence of any corroborating circumstances on either side, that the jury erred in rejecting the defendant's claim of employment by the plaintiffs, and crediting James N. Clinchy's denial of any such employment. Evidence of the terms of the defendant's contract with Briggs was relevant to the issue litigated, because, if by the terms of the contract the defendant was bound to do the repairs, it tended to refute his contention that the work was done at the instance and request of these plaintiffs. Platner v. Platner, Abb. Sel. Cas. Ev. 617, 78 N. Y. 90. The justice, therefore, did not err in the admission of such evidence, or in refusing to strike it out, or to direct the jury to disregard it.

Other exceptions to rulings in the admission of evidence appear in the record, but are of such a trivial character as not to require discussion. Nearly all such exceptions, also, are invalid, because

no ground of objection was stated.  Cruikshank v. Gordon, 118 N. Y. 178, 23 N. E. 457.

The judgment is affirmed, with costs.  All concur.