(36 Misc. Rep. 220.)

### ROTHFELD v. LINTZ et al.

(Supreme Court, Appellate Term.    October, 1901.)

MUNICIPAL COURT—PLEADING SET-OFF.
  In an action in a municipal court, plaintiff, after defendant had pleaded a counterclaim, offered a judgment in his favor in another action against defendant as a set-off. *Held* that, as no reply to a counterclaim is required in said court, it was error to exclude the set-off because not pleaded.

Appeal from municipal court, borough of Manhattan.

Action by Isaac Rothfeld against Harris Lintz and others. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and McADAM and GIL-
DERSLEEVE, JJ.

A. B. Schleimer, for appellant.
M. D. Steuer, for respondents.

GILDERSLEEVE, J.  The plaintiff sues for $450 rent.  The
defendants admit they owe $300 as rent, but deny the additional
claim for $150, and set up a counterclaim for $600, money depos-
ited with the plaintiff as security for the rent.  The justice found
that the defendants owed the plaintiff $300, but not the additional
$150, and that the defendants were entitled to a return of the $600
deposited with the plaintiff.  He therefore gave judgment for the
defendants in the sum of $300.  The plaintiff appeals.

On the trial the plaintiff attempted to introduce a judgment re-
covered in another action by the plaintiff against the defendants
as a set-off against the defendants' counterclaim.  It was ruled out
on the sole ground, as appears from the opinion of the justice, an-
nexed to the record, that it had not been pleaded.  This ground
was untenable, as no reply is needed to a counterclaim in the mu-
nicipal court.  Kuhn v. Novelty Co., 9 Misc. Rep. 54, 29 N. Y.
Supp. 73; Clinchy v. Apgar, 16 Misc. Rep. 374, 38 N. Y. Supp. 79.
If the judgment was bogus, or if it did not constitute a proper set-
off, neither of which objections appear from the record, the defend-
ants should have stated those grounds in opposition to the admis-
sion in evidence of the judgment, but the latter should not have
been excluded on the ground given for its exclusion.

Judgment reversed and new trial ordered, with costs to abide the
event.  All concur.