## GRANT v. WHORTON.

Where defendant participated in the trial of a counterclaim without reply, a reply was waived.

Defendant, in an action before a justice of the peace, having waived plaintiff's default in failing to reply to a counterclaim, plaintiff was not required to file a reply in the circuit court on appeal, in the absence of some appropriate procedure by defendant to compel a reply.

A notice of appeal from a justice was dated April 5, and was served on the 10th following. It was indorsed by the justice as filed April 12, 1909, and the bond was served and filed on April 12th; but the justice's record showed that the notice of appeal was file 1 on "March" 15, 1909, which was two days before the judgment was rendered. **Held**, that such record entry was a mere clerical error, and not ground for dismissal of the appeal.

On appeal from a justice of the peace, interest may be allowed in the circuit court, where the amount claimed in the justice's court was within his jurisdiction, though the judgment rendered in the circuit court, with the interest admitted, exceeds the jurisdictonal amount.

A reqested instruction which is incomplete and defective is properly refused.

Where plaintiff's evidence that defendant consented to the keeping of certain chickens, duck, geese, and a cow on defendant's farm, without charge, was not questioned, an instruction that the contract between plaintiff and defendant was in writing, and that any subsequent agreement, not supported by a consideration, was not binding on either party, and that if defendant agreed not to charge for the keeping of such animals the contract was of no binding force, because without consideration, was erroneous as inapplicable to the evidence, since, if defendant consented that the animals be kept on his farm, without charge, he could not thereafter collect from plaintiff the value of the keeping.

(Opinion field, February 14, 1912.)

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by D. P. Whorton against Charles Grant. Judgment for plaintiff, and defendant appeals. Affirmed.

*A. W. Wilmarth*, for appellant. *O. S. Hagen*, for respondent.

McCOY, P. J. This case originated in justice court, and a judgment rendered in that court in favor of plaintiff for $9 and costs, from which plaintiff appealed to the circuit court. On trial in the circuit court, verdict and judgment were rendered in favor

of plaintiff for $108.75, from which defendant appeals to this court.

[1, 2] The first contention of appellant is that the court erred in overruling defendant's motion for judgment on his counterclaims because of no reply thereto. It appears from the record that plaintiff brought suit against defendant to recover a balance of $100, claimed to be due plaintiff under a contract for work and labor performed for and board furnished to defendant. Defendant by answer admitted the contract and performance of the work and labor and furnishing of board, and pleaded three counterclaims: (1) For the value of grain furnished by defendant to plaintiff to feed plaintiff's chickens, ducks, geese, and cow, of the value of $115.50; (2) for services performed by one Barber in furnishing plaintiff an opportunity to contest certain land, for which plaintiff agreed to pay defendant $25; (3) for certain potatoes furnished plaintiff of the reasonable worth of $12. It appears that no reply was made to said counterclaims in justice court, but that the cause proceeded to trial, without objection on the part of defendant, the same as if a reply had been made, no objection having been made to the introduction of testimony on that ground, and after the case had been tried and both sides had rested the defendant moved for judgment on his counterclaims for want of reply thereto. The motion was denied, and defendant excepted, and now urges as error the said ruling of the court. "Failure to file any pleading which is necessary to form an issue, including a complaint, answer, or reply, or otherwise failing to join issue properly or at all upon any or all of the allegations appearing in the pleadings, is deemed waived by voluntarily proceeding to trial as though issue were properly joined. Likewise, where the parties have voluntarily tried the case as if certain matters were in issue, neither will be permitted afterward to object that such matters were not properly put in issue by the pleadings." 31 Cyc. 733; 18 Ency. Pl. & Prac. 650. Where no reply is filed to a counterclaim or cross-complaint, this rule applies. Northern Supply Co. v. Wangard, 123 Wis. 1, 100 N. W. 1066, 107 Am. St. Rep. 984; Killman v. Gregory, 91 Wis. 478, 65 N. W. 53. Conant v. Jones, 3 Idaho (Hasb.) 606, 32 Pac. 250; Arnold v.

Angell, 62 N. Y. 508; Heyman v. Schmidt (Com. Pl.) 19 N. Y. Supp. 215; Clinchy v. Apgar, 16 Misc. Rep. 374, 38 N. Y. Supp. 79; Holke v. Herman, 87 Mo. App. 125. The plaintiff having brought suit to recover the sum of $100 balance due upon a contract, which was admitted by defendant in his answer, and the justice court having rendered a verdict and judgment in favor of plaintiff for only $9, conclusively shows that in the trial before the justice issues presented by the counterclaims of defendant were litigated and tried out before the court, without a reply, just the same as if a reply had been made to the counterclaims. Having waived the default and necessity of a reply to the counterclaims in the justice court, plaintiff was not required to reply in the circuit court, unless some appropriate procedure was taken by defendant to compel such reply.

[3] In the circuit court defendant moved to dismiss the appeal from justice court decision, on the ground that the record showed notice of appeal was filed in justice court on March 15, 1909, two days before judgment was rendered. Before ruling on this motion ,an order was made by the circuit court to correct the record by changing the word "March" to "April," which correction was made without formally sending the record back to the justice court for such correction. After the correction was thus made, the court overruled the motion to dismiss, which ruling of the court is now assigned as error. We are of the opinion that the ruling of the court was correct, regardless of whether or not the said error was corrected by sending the record back to justice court. It was self-evident that the error complained of was merely clerical. The record shows that the notice of appeal bears date April 5, 1909, and that the attorney for the defendant indorsed his admission of service of the same on the 10th day of April, 1909, and the notice of appeal itself had indorsed on the back thereof: "Filed in my office this 12th day of April, 1909. Charles May, Justice of the Peace." A bond was duly served and filed on said appeal, which bond was indorsed: "Filed this 12th day of April, 1909. Charles May, Justice of the Peace." The filing marks upon the original papers themselves conclusively

show that the word "March" appearing in the transcript of the justice's docket was merely a clerical error, and that the motion to dismiss appeal on that ground was frivolous, and properly over ruled.

[4] It is next contended by appellant that the verdict and judgment rendered in favor of plaintiff for $108.75 is void, on the ground that said verdict and judgment are $8.75 in excess of what the plaintiff could recover on his summons and complaint. We are of the opinion that this contention is untenable. It seems to be generally held that interest may be allowed in the circuit court on judgments appealed from justice court, where the amount claimed in justice court was within its jurisdiction, although the amount rendered in the circuit court exceeded the jurisdictional amount. It is the amount claimed at the time the suit was commenced that determines the question of jurisdiction. Bank v. Sanderson, 24 S. D. 443, 123 N. W. 873; Scott v. Russell, 39 Mo. 407; Deck v. Smith, 12 Neb. 389, 11 N. W. 852; 24 Cyc. 465, 471; Ormond v. Sage, 69 Minn. 523, 72 N. W. 810. In this last case, the Supreme Court of Minnesota, by Mitchell, J., held: "The jurisdiction of a justice of the peace is to be determined by the amount in controversy at the commencement of the action. Interest accruing after action is begun follows as a mere incident to the subject of the litigation, and the justice may include it in the judgment, although the amount is thus increased to more than $100. A party is entitled to interest by way of damages on money due on contract from the commencement of the action to the time of trial, although not expressly demanded in the complaint." This case is precisely in point. The circuit court, on appeal, most certainly had jurisdiction to do the same things the justice might have done in his court.

[5] The appellant next assigns as error the refusal of the court to give an instruction requested by the defendant. The requested instruction is as follows: "The defendant requests the court to instruct the jury that the contract between the plaintiff and defendant is in writing, and that any subsequent agreement, not supported by a consideration, is not binding on either party.

The plaintiff claims that the defendant consented to the plaintiff taking on the farm of the defendant chickens, ducks, geese, and a cow, and agreed not to charge for their keeping. This is denied by the defendant, and you are instructed that there is no evidence of any consideration for this alleged promise; and therefore, if the defendant made such promise, it is of no binding force, and on this branch of the case you are instructed to consider only the number of chickens, ducks, and geese, and the cow, and the reasonable value of keeping them for the time they were on the farm of defendant, while said farm was in possession of the plaintiff under the written contract in evidence before you." A requested instruction which is incomplete and defective is properly refused. Hughes on Instructions, § 29. In order to entitle a party to insist that a requested instruction be given to the jury, such instruction must be correct, both in form and substance, and such that the court might give to the jury without modification or omission. If the instruction, as requested, is objectionable in any respect, its refusal is not error. Blashfield, Instructions, §§ 137, 138.

[6] That part of the instruction: "That the contract between plaintiff and defendant is in writing, and that any subsequent agreement, not supported by a consideration, is not binding on either party. The plaintiff claims that the defendant consented to the plaintiff taking on the farm of defendant chickens, ducks, geese, and a cow, and agreed not to charge for their keeping. This is denied by defendant, and you are instructed that there is no evidence of any consideration for this alleged promise; and therefore, if defendant made such promise, it is of no binding force"—is erroneous and inapplicable under the evidence in the case. As we read the written contract between plaintiff and defendant, it relates to the performance of labor and furnishing of board, and in no manner whatsoever relates to the question of chickens, ducks, geese, or a cow; and that the subsequent conversations of the parties, relating to the chickens, ducks, geese, and a cow, were not intended as and did not constitute a modification or attempted modification of the written contract, but related

to wholly extraneous matter, and if any contract resulted from these subsequent conversations it was entirely independent of the written contract. The evidence shows that the conversations between plaintiff and defendant, relative to keeping the chickens, ducks, and geese, and cow on defendant's farm, without charge, were before plaintiff purchased said property; and that the plaintiff purchased said property on the strength of such consent. We are of the opinion that under such circumstances, if defendant did consent that they should be kept on his farm without charge, that he would' not afterwards be permitted to collect from' plaintiff the value of such keeping, and the requested instruction was therefore clearly erroneous. The sufficiency of the evidence to show that defendant consented to the keeping of such property on his farm, without charge, is not questioned. Neither were the instructions of the court, submitting to the jury the question of consent and that no charge was to be made, excepted to by appellant.

Other assignments of error are urged, mainly relating to the reception of evidence, all of which have been considered; but we are of the opinion that no reversible error exists therein, and it would serve no useful purpose to further refer thereto.

Finding no error in the record, the judgment appealed from is affirmed.