MARIE L. KERN, Appellant, *v.* CALEDONIAN INSURANCE COMPANY OF SCOTLAND, Respondent.

(Supreme Court, Appellate Term, First Department, November, 1919.)

**Municipal Court of city of New York — when reply cannot be ordered — pleading.**

> A justice of the Municipal Court of the city of New York has no power to make an order requiring a reply to be filed to defenses pleaded in an answer.

APPEAL by plaintiff from an order of the Municipal Court of the city of New York, borough of Manhattan, seventh district.

Appellate Term, First Department, November, 1919.   [Vol. 109.

Ely Rosenberg, for appellant.

William C. Foster, for respondent.

Delehanty, J.  The plaintiff appeals from an order of the Municipal Court requiring him to file a reply to several defenses set up in the defendant's answer. The appeal raises the simple question whether a justice of the Municipal Court has power to make such an order.  If he has such power, the appeal must be dismissed as there is no authority for appealing from such an order.  Mun. Ct. Code, § 154.  If he has no such power then an appeal will lie (Mun. Ct. Code, § 154, subd. 8), and the order must be reversed.

Section 78, Municipal Court Code, contains the general provision applicable to the practice in the Municipal Court, as regards pleadings, and declares: " Pleadings shall consist of complaint and answer and, when ordered, a reply."  The only provision of the Municipal Court Code which specifies when a reply may be " ordered " is section 87, which reads as follows: "A reply to a counterclaim is not necessary, but the court may order a written reply, verified or unverified, at any time before judgment.  When no reply is filed, the allegations of the counterclaim shall be deemed denied, except as otherwise provided in this act."

This section clearly limits the ordering of a reply to counterclaims only.  The general provisions regarding the ordering of replies must be held to be limited by the particular provisions of section 87.

The respondent is not aided by the provisions of section 15 of the Municipal Court Code, for the reason that recourse can only be had to that section where, as regards the " practice, pleadings," etc., the Municipal

Court Code is silent. *Mitchell* v. *Schroeder,* 94 Misc. Rep. 279; *Junk* v. *Moore,* 88 id. 551–553. The general rule that allegations in a pleading that are not denied are to be deemed admitted is not applicable to courts of inferior jurisdiction, and where no provision is made in the statute for the serving of replies to such pleadings the allegations in pleadings in such courts setting up · defenses must be deemed to be denied. *Conklin* v. *Fields,* 37 How. Pr. 455; *Mundler* v. *Palmer,* 165 N. Y. Supp. 987.

GUY and BIJUR, JJ., concur.

Order reversed, with ten dollars costs.