91 165
159a 555

MATILDA G. JOHNSON, Respondent, *v.* WILLIAM H. COCHRANE and Others, Appellants, Impleaded with ELIZABETH STOCKING and Others. No. 2.

*Action to determine the validity of a will — the complaint need not contain matters relative to procedure which are not jurisdictional — conversation with a deceased person — opinions of laymen upon the capacity of a testator — rule as to the effect on appeal of testimony improperly admitted.*

An action having been brought in the Supreme Court under the provisions of section 2653a of the Code of Civil Procedure to try the question whether a writing produced was or was not the last will of Joseph H. Hamilton, the defendants moved, before the opening of the case, to dismiss the complaint upon the ground that the plaintiff had failed to comply with the provisions of said section, in that the complaint had not been filed with the clerk of the court, and that said clerk had not certified to the clerk of the Surrogate's Court the fact that the action had been commenced, and that the surrogate had not transmitted to the Supreme Court a copy of the will and the other papers required to be transmitted by said section. There was nothing before the trial court to

show that the statute had not been complied with, and the papers enumerated were immediately upon the denial of the motion put in evidence by the defendants.

*Held,* that the motion to dismiss the complaint was properly denied;

That none of the acts in question were jurisdictional, nor was it required that they be stated in the complaint;

That if the statute had not been complied with in any particular, a motion should have been made at the Special Term to have the omission corrected.

A party to an action, who, if a will shall be held valid, will acquire under it an inchoate right of dower in real estate devised by the will to her husband, and who has interposed an answer setting up her interest, is precluded by section 829 of the Code of Civil Procedure from testifying to a conversation had with the testator.

A layman will not be permitted to give an opinion as to the mental capacity of a testator, nor can he state whether the testator was rational or irrational, but he may state acts and conversations of which he has personal knowledge and may then state his opinion as to whether such acts and conversations were rational or irrational, or those of a rational or irrational person.

*It seems,* that a lay witness should not be permitted to answer a question relative to a testator expressed in this form: "Did you ever see him act rationally from August until the last time you saw him?"

An appellate court will judge for itself as to the materiality of testimony improperly admitted, and if it appears that the result would have been the same if the testimony had been excluded, the error arising from this admission furnishes no ground for the reversal of the judgment.

APPEAL by the defendants, William H. Cochrane and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 19th day of May, 1894, upon the verdict of a jury rendered after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 1st day of June, 1894, denying the defendants' motion for a new trial made upon the minutes.

*Hugo Hirsh,* for the appellants.

*M. L. Towns,* for the respondent.

BROWN, P. J.:

Joseph H. Hamilton died in the city of Brooklyn on November 11, 1892, leaving an alleged last will and testament bearing date October 29, 1892, and leaving surviving him as his heirs at law the plaintiff and the defendants Elizabeth Stocking, Mary H. Johnson, Lewis Johnson and William H. Cochrane. By his will all the estate

of said deceased, with the exception of $100, was given to the defendant William H. Cochrane.

The plaintiff and the defendant Mary H. Johnson objected to the probate of the will on the ground that the testator had not sufficient mental capacity to make and execute the same, and after a trial the surrogate adjudged the will to be valid, and it was admitted to probate on March 1, 1893.

Thereafter this action was commenced under section 2653a of the Code of Civil Procedure (Chap. 591 of the Laws of 1892), and after a trial at the Circuit the jury found that the paper admitted to probate was not the will of said deceased, and from the judgment entered upon that verdict certain of the defendants have appealed.

We are of the opinion that the verdict of the jury has ample support in the testimony. It appeared that the testator had had two attacks of paralysis prior to the execution of the will. The last was in March, 1892, and from that date until his death his physical and mental condition deteriorated materially. On November second or third he became violently insane, and remained so until his death on November eleventh.

It would serve no useful purpose to review the great amount of testimony contained in the record submitted to the court, and it is sufficient to say upon the merits of the case that the evidence permitted the conclusion reached by the jury, and we find no just or proper ground to interfere with the verdict.

Our attention has been called by the appellants to numerous exceptions appearing in the record, which it is claimed are fatal to the judgment and require its reversal.

Before the opening of the case the defendants moved to dismiss the complaint upon the ground that the plaintiff had failed to comply with the provisions of section 2653a of the Code of Civil Procedure, in that the complaint had not been filed with the clerk of the court, and that the said clerk had not certified to the clerk of the Surrogate's Court the fact that this action had been commenced, and that the surrogate had not transmitted to the Supreme Court a copy of the will, testimony and all papers relating thereto, and a copy of the decree of probate. This motion does not appear to have been made upon an affidavit or certificate of either the clerk of the Supreme Court or the clerk of the Surrogate's Court, and there was

nothing before the trial court to show that the statute had not been complied with.

The record before us shows that all the papers enumerated in the motion, which the statute required should be transmitted by the surrogate to the Supreme Court, were immediately, upon denial of the motion, put in evidence by the defendants. None of these acts were, however, jurisdictional, and none of them were required to be set forth in the complaint. The motion was not properly made at the trial and had no relation to any of the issues raised by the pleadings. If the statute had not been complied with the motion should have been addressed to the Special Term to have the omission corrected. There was no ground for the dismissal of the complaint, and the motion was properly denied.

Minnie G. Cochrane, the wife of the defendant William H. Cochrane, was called as a witness and asked to testify to a conversation had with the testator in the month of October preceding his death. An objection that this evidence was inadmissible under section 829 of the Code of Civil Procedure was sustained, to which the defendants excepted. This ruling was correct. The witness was a party to the action, and if the will was valid acquired under it an inchoate right of dower in the real estate therein devised to her husband. She had appeared in the action and served an answer setting up her interest in the land. Her testimony was, therefore, inadmissible under the 829th section of the Code of Civil Procedure, which declares that a party to an action shall not be examined as a witness in his or her own behalf, against a person deriving title through or under a deceased person, concerning a personal transaction or communication, between the witness and such deceased person. The appellants cite the case of *Eisenlord* v. *Clum* (126 N. Y. 552) to sustain their contention that this testimony was admissible. But in that case the witness was not a party to the action, and the objection to the admission of her testimony was made upon the ground that she was interested in the event. The court held that a person was not "interested in the event," unless he would gain or lose by the result of the action, or had "an interest in the record for the purpose of evidence;" that the witness was not, within that rule, an interested person, and, therefore, that her testimony was admissible. The case is not an authority upon the question here presented, as Mrs.

Cochrane was a party to the action offering to testify in her own behalf and had a direct and certain interest in the result of the suit.

There were many lay witnesses called by the plaintiff who, after testifying to conversations with, and acts of the deceased, were permitted, against the defendants' objections, to characterize such acts and conversations as irrational. The record presents very many exceptions to rulings upon this class of testimony, and they form the basis of a large part of the argument made by the appellants.

The rule as to this class of testimony is well settled. A layman is not to be permitted to give an opinion as to the mental capacity of a testator, nor to say whether he was rational or irrational. But he may state acts and conversations of which he has personal knowledge, and then he may be permitted to state his opinion as to whether such acts and conversations were rational or irrational, or those of a rational or irrational person. (*Paine* v. *Aldrich*, 133 N. Y. 547; *Holcomb* v. *Holcomb*, 95 id. 316.)

We are of the opinion that nearly all of the rulings of the court on this subject were kept well within this rule, but in a few instances witnesses were permitted to answer questions which were probably objectionable.

The answer to the question, " Did you ever see him act rationally from August until the last time you saw him?" should probably have been excluded. There are others to which the objections might possibly have been sustained, but we do not deem it necessary to refer to them. It does not follow that the judgment should be reversed because some testimony was admitted which should have been excluded. In order to warrant a reversal the court must be satisfied, upon an examination of the whole case, that the appellant was prejudiced.

An appellate court will judge for itself as to the materiality of testimony improperly admitted, and if it appears that the result would have been the same if the testimony had been excluded, the error arising from its admission furnishes no ground for the reversal of the judgment. (*People* v. *Gonzalez*, 35 N. Y. 59; *McGean* v. *Manhattan Railway Co.*, 117 id. 219.)

There is abundant testimony in the record to sustain the finding of the jury, even if the testimony referred to be excluded from the case, and we think that it is impossible that the jury was influenced by

the testimony of witnesses, which characterized in a general way the conduct of the testator as irrational. Nearly all the testimony in the case appears to have been read to the jury from the record of the trial in the Surrogate's Court. The statute permits this to be done where the witnesses are out of the jurisdiction of the court, or dead or have become incompetent to testify subsequent to the probate of the will. The case does not show upon what ground this testimony was allowed to be read, but so far as we have observed only three or four witnesses were called to testify at the trial. We have assumed that the testimony was read upon stipulation, and that the objections and exceptions to such testimony were taken at the trial now under review, but after a careful examination of the whole case, we are of the opinion that none of them require a reversal of the judgment.

The judgment and order must be affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Judgment and order denying the motion for a new trial affirmed, with costs.