against it for only $18.61. Geitelsohn v. Citizens' Savings Bank, supra.

The cases cited by the respondent in support of the proposition that the question whether ordinary care and diligence were used was one to be determined by the jury upon the peculiar facts of each case contain nothing which conflicts with what has been said here. In every one of them there was a doubt as to the proper observance of the rules of the bank. In the case at bar there is not. So the contention of the respondent that a mere difference in the signatures requires the submission of the case to the jury is not supported by the authorities cited. In Allen v. Williamsburg Savings Bank, 69 N. Y. 317, Hager v. Buffalo Savings Bank (Super. Buff.) 31 N. Y. Supp. 448, and Saling v. G. Sav. Bank (Com. Pl.) 7 N. Y. Supp. 642, the difference was marked and easily susceptible, and there was no proof that a single test question was put, to secure identification. In Tobin v. Manhattan Savings Inst., 6 Misc. Rep. 110, 26 N. Y. Supp. 14, no comparison of signatures was even made, nor any question put. In the case at bar the difference between the signatures, as shown by the original exhibit, is slight, and all the means prescribed by the rules of the bank were exhausted to obtain sufficient identification; and it was, therefore, under all the circumstances disclosed, error to submit the case to the jury.

The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

## PLUM v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. CARRIERS—INJURY TO PASSENGER—VIOLENT START OF CAR—PLEADING—EVIDENCE—INSTRUCTIONS.

   Where the complaint charged that as plaintiff was entering defendant's street car defendant negligently started it, so as to throw plaintiff against the car and injure her, and defendant did not object to evidence that the car was started with a violent jerk, a requested instruction that the violence of the jerk could not be considered on the question of negligence was properly refused.

Appeal from Trial Term.

Action by Marietta Plum against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Bayard H. Ames, for appellant.
Nelson Smith, for respondent.

WOODWARD, J. The plaintiff in this action seeks to recover damages for personal injuries sustained through the alleged negligence of the defendant, she being free from negligence contributing to the accident. She alleges in her complaint the fact of the incorporation of the defendant, its operation of a line of street surface rail-

road in the borough of Manhattan, city of New York, and "that at said city, and at or near the corner of Sixty-First street and Lexington avenue, New York, and on or about August 1, 1899, the defendant invited and received upon one of its cars plaintiff as a passenger; and while plaintiff was free from all fault on her part, and was in the act of entering said car, and was upon the same, the defendant wrongfully and negligently started said car, and did thereby throw plaintiff upon and against said car, and inflict upon her severe, painful, and, as plaintiff is informed and believes, and therefore alleges, permanent injuries to her body and health," etc. Neither by demurrer nor by motion to dismiss the complaint has the defendant suggested that the plaintiff has failed to state a good cause of action in this complaint, and the evidence, admitted without objection, and in a measure brought out by the defendant's cross-examination, is sufficient to warrant the jury in finding that while the plaintiff was in the act of gaining a place of safety upon the defendant's car it was suddenly started with a violent jerk, throwing the plaintiff's left leg against the seat of an open car in such a manner as to seriously injure the patella, making it necessary for her to use crutches four years after the accident, and probably permanently injuring her. The theory of the defendant—and it was supported by evidence—was that the plaintiff was injured by stumbling over the feet or legs of a man who was sitting at the end of the seat, this being an open car, the seats running across; and the two theories were presented to the jury, their finding being in favor of the plaintiff. From the judgment entered appeal comes to this court.

The appellant suggests that the learned court erred in refusing defendant's request to charge a single proposition. At the close of the charge defendant's counsel said:

"I have only one request, may it please the court. I want to call your honor's attention to this: as to the evidence or lack of evidence of the conductor or motorman as to the violence of the jerk. I ask your honor to charge the jury that the question of the violent jerk is not in this case so far as the question of negligence is concerned. My understanding of the issue in the case is simply that, if we did not give her a reasonable time to get in the body of the car, then we are liable, and if we started the car while she was getting in, and that starting of the car from a stop; but the mere violence of the jerk, if she was in the car— The Court: No; that stands alone by itself. But they associate the violence of it with the degree of violence that produced the injury to the knee, fairly claiming, I assume, that, if it had not gone to the extent it did, then there would not have been any such injury, and in that way it is connected. Mr. Yonge: I understand their proposition, but I ask your honor to charge the jury that, so far as the consideration of negligence in this case is concerned, the question of the violent jerk is of no importance. The Court: That I decline from the point of view as I have now outlined."

The theory of the defendant is that this constituted error, because the complaint did not allege in words that the defendant started its car with a violent jerk, and we are told, with an array of authorities which must be deemed controlling, that the recovery must be secundum allegata et probata, which simply means, as we understand the rule under our Code pleadings, that judgment should be rendered in conformity with the allegations and proofs of the parties. Day v.

Town of New Lots, 107 N. Y. 148, 154, 13 N. E. 915. That is, where the complaint states a cause of action (and this is done where the averments are sufficient to point out the nature of the pleader's claims by reasonable and fair intendment—Coatsworth v. Lehigh Valley R. Co., 156 N. Y. 451, 457, 51 N. E. 301), evidence in support of the cause of action stated, if received without objection, goes to establish the cause of action; and, when the substantial rights of the parties have been fairly tried, trifling variances are disregarded, and judgment is given according to the real right of the case as established. Wright v. Delafield, 25 N. Y. 266, 270, and authorities there cited. In the case now before us the pleadings fairly apprised the defendant of the nature of the plaintiff's claim for damages. It was that while she was entering one of the defendant's cars, and before she had had a reasonable time to gain a safe position, the "defendant wrongfully and negligently started said car"; and evidence that the car was started with a jerk, while yet the plaintiff was in a position where she was exposed to the danger of being thrown down, was material to the issue. The rule is supported by authority that a party who has sat by during the reception of incompetent evidence without properly objecting thereto, and has thus taken his chance of advantage to be derived therefrom, has not, when he finds such evidence prejudicial, a legal right to require the same to be stricken out (Matter of the Accounting of Morgan, 104 N. Y. 74, 86, 9 N. E. 861); nor has he a right to be relieved from its effect where such evidence is material (2 Rumsey's Practice [2d Ed.] 351, 352, citing Quin v. Lloyd, 41 N. Y. 349). The defendant made no effort to exclude any of the evidence as to the violent jerk of the car. On cross-examination the evidence was rather emphasized in response to defendant's questions, and we are clearly of opinion that the court did not err in refusing to charge defendant's request. Of course, where the evidence admitted is irrelevant, the party calling attention to it is entitled to an instruction that it should be disregarded by the jury (Hamilton v. N. Y. C. R. R. Co., 51 N. Y. 100, 107); but the rule is different where the evidence is material to the issue, though it might be incompetent if objected to, as we have already pointed out. We are of opinion that this case is not distinguishable in principle from that of Dochtermann v. Brooklyn Heights R. R. Co., 32 App. Div. 13, 52 N. Y. Supp. 1051, affirmed in 164 N. Y. 586, 58 N. E. 1087, and, having examined the exceptions without finding reversible error, we conclude that the judgment should be sustained.

The judgment and order appealed from should be sustained, with costs. All concur.