PESCIA et al. v. SOCIETA CO-OPERATIVA CORLEONESE FRANCESCO BENTIVEGNA.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. APPEAL—EVIDENCE—HARMLESS ERROR.
        Admission of incompetent evidence to establish an admitted fact is harmless error.

2. CORPORATIONS—OFFICERS—AUTHORITY—ESTOPPEL.
        Where the president, secretary, and treasurer of a corporation were authorized to purchase certain real estate for the corporation, and thereafter contracted with plaintiffs, who acted as brokers in that transaction, that in consideration of plaintiffs surrendering $300 of their commissions

¶ 2. See Corporations, vol. 12, Cent. Dig. § 1704.

earned plaintiffs should have the renting of the buildings and certain commissions for finding tenants, etc., and the corporation retained the amount so deducted from plaintiffs' commissions, the corporation was estopped to deny that such officers had authority to employ plaintiffs to rent the buildings.

3. TRIAL—EVIDENCE—MOTION TO STRIKE—DISCRETION.

Where defendant permitted witnesses to answer questions, and then objected, and asked to have the answers stricken, the granting of such motion was within the discretion of the court.

4. SAME.

Where answers to questions not objected to before answer were in part responsive, and no specific objection was raised to that portion which was not responsive, the refusal of the court to strike such answers was a proper exercise of discretion.

Appeal from Trial Term.

Action by Enrico V. Pescia and another against the Societa Cooperativa Corleonese Francesco Bentivegna. From a judgment in favor of plaintiffs, and from an order denying defendant's motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Martin Wechsler, for appellant.

Nelson L. Keach, for respondents.

WOODWARD, J.   There is evidence in this case that the plaintiffs are real estate brokers; that the defendant, through its officers, came to them, and requested them to find some real estate which the corporation might purchase, and that the plaintiffs were instrumental in selling to the defendant certain premises known as 320–322 113th street, New York, for which the vendor allowed them commissions aggregating something over $500; that at the time the defendant took title to the premises the plaintiffs, at the solicitation of the defendant, turned over to the latter $300 of this commission, with an understanding that the plaintiffs were to have the renting of the two buildings, and that they were to have certain commissions for finding tenants, the terms being $2,200 per year for each place.   This action is brought to recover these commissions, aggregating $220; it being alleged, and supported by evidence, that the plaintiffs found a tenant who was willing to take the premises upon the terms named, but that the defendant refused to carry out its part of the agreement.   The trial resulted in a verdict for the plaintiffs for the full amount of the claim, and from the judgment entered appeal comes to this court.

The contract alleged, upon first thought, appears to be ridiculous. It hardly seems probable that men in their right minds would relinquish $300 for the possibility of earning $220 commissions; and yet when it is remembered that the defendant first placed the plaintiffs in a position to earn the $500 commission; that the plaintiffs had only been engaged in the business about two years, and were only occupied about one month in the transaction; that they were offered an opportunity to earn new commissions, and might hope, perhaps, for further business through the same channel—the proposition loses much of its absurdity, and it might have been considered good business policy to

make the concession asked. At least the jury has accepted this version of the transaction, the defendant's theory being that the plaintiffs sacrificed their $300 of commissions in order to bring the parties to an agreement. There was a sharp conflict of evidence upon this proposition, but, in view of the fact that the parties had entered into a contract in February, while the transfer was not made until about the middle of March, at which time the $300 was paid, if at all, we are persuaded that the jury very properly accepted the plaintiffs' version of the transaction.

It is insisted, however, by the defendant that the court erred in admitting in evidence a letter written by one Salerno, who is the person alleged to have been produced by the plaintiffs as a tenant of the property. This latter was a mere declaration on the part of the writer, that "I, Antonio Salerno, declare and say that I have made the offer of $2,200 a year for leasing No. 320–322 E. 113th for a term of five years, and am ready to take these two houses, making all inside repairs, through Messrs. Pescia & Colucci"; and was undoubtedly incompetent to prove the facts alleged in such letter. But the defense did not proceed upon the theory that there had been any failure on the part of the plaintiffs to produce a person ready, willing, and able to take the premises upon the terms prescribed by the defendant. The position of the latter was that the plaintiffs had never been authorized to act in the premises at all. In other words, the case proceeded upon the theory that the plaintiffs had produced a person who was ready, willing, and able to rent the buildings on the defendant's terms, but that the defendant had never made a contract which authorized the plaintiffs to act in the premises. This was the question litigated; this was the question submitted to the jury by the learned court, without objection or exception by either party, and the defendant did not claim to have rejected the proffered tenant because of any lack of responsibility, or because of any disagreement as to the terms, but purely and simply upon the ground that the defendant preferred to rent the property to its own members, if they desired it, and that the plaintiffs had no authority, under the contract alleged, to rent the premises. The defendant itself introduced in evidence letters from the plaintiffs notifying the corporation that they had found a tenant, and that they would expect commissions if the defendant dealt with Mr. Salerno; the testimony of the plaintiffs was undisputed that they had produced a proper tenant, and the defendant not having rejected the tenant upon any grounds except that it preferred to rent to its own members, claiming the right to do so and denying its contract obligations to the plaintiffs, there was no issue upon this point before the jury. The evidence not presenting a question of fact for the jury, and no question of fact arising over the issue to which the incompetent evidence was relevant, we are not called upon to reverse the judgment. McCormick v. United Life Ins. Ass'n, 79 Hun, 340, 347, 29 N. Y. Supp. 364. "The reception of illegal evidence is presumptively injurious to the party objecting to its admission; but where the presumption is repelled, and it clearly appears, on examination of the whole record, beyond the possibility of rational doubt, that the result would have been the same if the objectionable proof had been rejected, the error fur-

nishes no ground for reversal." People v. Gonzales, 35 N. Y. 49, 59; McGean v. Manhattan Railway Co., 117 N. Y. 219, 224, 22 N. E. 957, and authorities there cited.

We think the suggestion that the court erred in excluding evidence offered to prove that the officers mentioned by the plaintiffs had no authority to make any such agreement as that alleged by the plaintiffs, and could not bind the corporation by their alleged acts, though they might be liable individually, is without merit. The officers mentioned were the president, secretary, and treasurer, who were conceded to have the authority to purchase the premises in question; and, they having contracted with the plaintiffs and having, as the jury has found, received $300 of the plaintiff's money as a consideration, they are hardly in a position to say that they were not authorized to make such a contract while retaining the money. Their effort was to show certain resolutions of the corporation adopted after the making of the contract, and this was very properly excluded. A second question along this same line is not presented by the record as made, and need not be discussed. Only the actual rulings of the court where evidence is offered are open to review, not an abstract statement of what the court might hold.

At two points in the case the defendant permitted the witness to answer questions, then objected, and asked to have the answers stricken out. Motions to strike out, under such circumstances, assuming the evidence to be improper, are addressed to the discretion of the court, and it is not error to deny the motion, and to refuse to strike out the testimony. 2 Rumsey's Practice (2d Ed.) 351; Platner v. Platner, 78 N. Y. 90; Matter of Morgan, 104 N. Y. 74, 9 N. E. 861. We are of opinion that the court properly exercised the discretion in refusing to strike out this evidence, which was responsive in part, and no specific objection was raised to that portion which was not responsive.

The judgment and order appealed from should be affirmed, with costs. All concur.