(162 App. Div. 354)

HAVHOLM v. WHALE CREEK IRON WORKS.

(Supreme Court, Appellate Division, Second Department.    May 15, 1914.)

APPEAL AND ERROR (§ 1051*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.
    Though admission, in an action for injury to an employé from contact with a circular saw, claimed to have been unguarded, of reports of state inspectors, was error, it was harmless; they having no tendency to establish anything not admitted or fully established by competent evidence.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

Appeal from Trial Term, Queens County.

Action by Peter Leo Havholm against the Whale Creek Iron Works. From an order of the trial term (144 N. Y. Supp. 836), setting aside a verdict for defendant and granting plaintiff a new trial, defendant appeals. Reversed, and verdict reinstated.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Joab H. Banton, of New York City, for appellant.

Don R. Almy, of New York City (William S. Evans, of New York City, on the brief), for respondent.

BURR, J. On July 15, 1912, plaintiff, employed as a pattern-maker's helper in defendant's factory, sustained serious injury because his left hand came in contact with a circular saw upon which he was then at work. In this action he asserted neglect of the master's duty in two respects: First, in failing to properly guard the saw; and, second, in omitting to properly instruct him as to the use thereof. Each of the questions arising upon the evidence in connection with

such contentions was submitted to the jury in a clear and concise charge, to which plaintiff took no exception. The jury found a verdict for defendant. This verdict was set aside by the learned trial court, and a new trial granted solely upon the ground that an error was committed during the trial in the admission of certain documentary evidence offered by defendant, consisting of reports of inspectors employed by the State Department of Labor. We are inclined to think that these reports were improperly admitted, if for no other reason because the inspector who purported to have made the examination and signed the report was not called as a witness to prove either the fact of inspection or the accuracy of the report, and no statute exists, or at least none has been called to our attention, which in express terms requires the filing of such reports, and provides that they shall be public records and prima facie evidence of the facts stated therein. Gorham Co. v. United E. & C. Co., 202 N. Y. 342, 95 N. E. 805; Beglin v. Metropolitan Life Ins. Co., 173 N. Y. 374, 66 N. E. 102; Davis v. Supreme Lodge, Knights of Honor, 165 N. Y. 159, 58 N. E. 891.

It would appear that in the first instance these reports were received only for the limited purpose of showing that an inspection had been made pursuant to the Factory Law. So limited, and without additional evidence contained therein or independent thereof as to the result of such inspection, they would have little, if any, probative force. Subsequently, however, the limitation seems to have been withdrawn, and they were received without qualification after counsel for plaintiff had asserted his contention that at the time that the accident occurred the machine was not "properly guarded." Giving to these certificates, then, the broadest possible effect, was their admission in evidence such prejudicial error that the verdict of the jury must be set aside by reason thereof? When a fact is fully established, and without dispute by other and competent evidence, an error arising from the admission of incompetent evidence relating to it will be considered harmless. This is the rule both by the statute (Code Civ. Proc. § 1317), which provides that after hearing the appeal the court must give judgment without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties (Patnode v. Foote, 153 App. Div. 494, 138 N. Y. Supp. 221), and also at common law (Johnson v. Cochrane, 91 Hun, 165, 36 N. Y. Supp. 283, affirmed on opinion below, 159 N. Y. 555, 54 N. E. 1092; Desbecker v. McFarline, 42 App. Div. 455, 59 N. Y. Supp. 439, affirmed on opinion below, 166 N. Y. 625, 60 N. E. 1110; Card v. Moore, 68 App. Div. 327, on page 341, 74 N. Y. Supp. 18, affirmed 173 N. Y. 598, 66 N. E. 1105; Pescia v. Societa Co-operativa, 91 App. Div. 506, 86 N. Y. Supp. 952). From these reports these facts might be deemed established, namely, that at the date specified therein (the last report bearing date July 1, 1912) there was a device over this saw which, if made use of as designed, would properly and efficiently guard the same. But this fact was so completely established by other competent evidence that the reports themselves added nothing thereto. It appeared that there was at the time of the accident, and for a long

time prior thereto there had been, a device in the nature of a wire cage or covering, attached to a hollow pipe made fast to the ceiling, and "at the bottom of that pipe nearest the saw is a thumb nut, and a smaller pipe or rod slides up inside of that, telescopic fashion, when the guard is made fast to the bottom of the lower pipe, and as that is raised up and down it can be held in any position by screwing up on the thumb nut." The expert called for the plaintiff, after thus describing the device, testified not only that this is the usual, customary, and practical way of guarding the saw, but also that when the guard was down over the saw it was most efficient, and that it was necessary to have a guard thus movable in order to change the saw. There was substantially no evidence to contradict this either as to the existence of the guard, its purpose, method of operation or efficiency. It is true that plaintiff, in answer to a leading question addressed to him by his counsel, testified that when he was hurt there was no guard "on the saw." Of course there was not. If it had been, he could not have been hurt, but neither he nor any other witness testified that the guard was not on this rod suspended from the ceiling immediately over the saw and within his easy reach, or that it was not in perfect order. So completely was this fact established that the court in charging the jury, without objection or exception, said to them: "The plaintiff, and his lawyer, Mr. Almy, concede that on the day the plaintiff got hurt this guard was there. Not over the saw shielding it, but somewhere as it is shown in the pictures. In other words, there was the cage for use and fit to be used." The incompetent evidence could not possibly tend to establish more than this concession contained. No one could possibly suppose that a report, made on July 1st, that on that date there was an appliance "for use and fit to be used" was evidence that it was in fact so used, or ought to have been so used, on July 12th, when the accident happened.

The remaining question in the case was whether plaintiff had been instructed as to the use of the cage or guard prior to the date when he was injured. Upon this there was a conflict of evidence. To one at all familiar with the simplest mechanical appliances, the appearance of the cage over the saw would so readily suggest its obvious use that very little instruction would seem to be necessary. But there was evidence upon defendant's part that when plaintiff was instructed in the use of the saw he was told "under no circumstances to use the saw without putting the guard down," and he was instructed how to lower it. This issue was clearly and sharply submitted to the jury by the learned trial court in its charge. In respect thereto plaintiff made no complaint, nor had he occasion therefor. The finding of the jury was not only abundantly supported by a preponderance of credible testimony, but a contrary finding might well have been the subject of criticism. We think, therefore, that the order setting aside the verdict in favor of the defendant and granting a new trial should be reversed, and the verdict reinstated, with costs. All concur.