ANNA CLAIRE ARCHIBALD, Plaintiff, v. HILL SANATORIUM, Defendant.

Supreme Court, New York County, June, 1923.

**Evidence — trial — failure to object to incompetent evidence — power of court to strike out such evidence on motion — pleading — when new trial granted.**

A verdict predicated on evidence in whole or in part inherently bad is no better than one based on no evidence at all.

The court cannot, of its own motion, exclude incompetent evidence not objected to.

Plaintiff sued defendant for breach of contract in failing to furnish competent nurses and proper facilities and care during her confinement. The complaint further alleged that the nurses were negligent in applying a liquid which burned her. Upon the trial without objection the plaintiff and her physician testified that the nurse who applied the liquid admitted some time thereafter that she had made a mistake and had used lysol instead of liquid soap. Upon the resumption of the trial defendant moved to strike out the admission referred to. Decision was reserved and exception noted. Defendant now moves to dismiss the complaint. *Held,* that the evidence was incompetent and the motion to strike it out should have been granted; that the allegation of negligence did not change the character of the action from contract to tort; that in furtherance of justice a new trial is granted and defendant's motion to dismiss the complaint denied.

MOTION to dismiss complaint in an action on contract.

*Pellett, Fay & Rubin (William W. Pellett,* of counsel), for plaintiff.

*Whiteside & Stryker (Lloyd P. Stryker,* of counsel), for defendant.

ERLANGER, J. Plaintiff counts upon a contract with the defendant pursuant to which the latter agreed to furnish the plaintiff with competent nurses and such facilities, care and attention as might be required during the period of her confinement. It is further alleged in the complaint that the defendant failed in respect of the duty it assumed under the agreement in that the nurses were incompetent, unskillful and negligent in applying to the person of the plaintiff a liquid which burned and scarred her body, etc. The fact that negligence is alleged in respect of the nurses did not change the character of the action from contract to tort. *Ward* v. *Saint Vincent's Hospital,* 39 App. Div. 624. During the examination of the plaintiff and the physician who attended her testimony was elicited from each to the effect that the nurse who applied the liquid admitted that she had made a mistake due to shortsightedness and had used lysol instead of liquid green soap. This admission was not made at the time the

liquid was applied but some little time thereafter. At most it amounted to the narrative of a past event. The evidence was wholly incompetent as against the defendant corporation. The court could not of its own motion exclude it because not objected to (*Nuccio Domenico* v. *O'Connor*, 202 App. Div. 108, 111), and so long as the defendant remained content, whatever harm resulted was due to its acquiescence. On the following morning when the trial was resumed counsel for the defendant moved to strike out the admission referred to, and the like motion was several times renewed at different stages of the trial. On each occasion decision was reserved and an exception noted. I think the motion should have been granted. It is true that it has been repeatedly held that incompetent evidence received without objection should not thereafter be stricken out. A few authorities on the point need only be cited. *Plum* v. *Met. St. R. Co.*, 91 App. Div. 420; *Matter of Morgan*, 104 N. Y. 74. On the other hand, it has been ruled that the denial or granting of such applications rests in the court's discretion. *Pescia* v. *Societa Co-Operativa*, 91 App. Div. 506; *Matter of Kent*, 169 id. 388; *Matter of Lasak*, 131 N. Y. 624. It may here be noted that the Appellate Division of the second department decided both ways during the same term. *Plum* v. *Met. R. Co., supra; Pescia* v. *Societa Co-Operativa, supra*, There seems to be no hard and fast rule which is controlling on the court. It has been held that if the result would have been the same with the objectionable proof out a verdict would not be disturbed. *Pescia* v. *Societa Co-Operativa, supra*. This at least gives some leeway for a guess. But who can say that the admissions were not the decisive factor in the rendition of the verdict. That the proof was damaging is not to be doubted. If it had been excluded by a prompt objection the issue for determination by the jury would have been much more simple. With the evidence in, the verdict was neither contrary to it nor to the law. The phrase " contrary to law," Mr. Justice Rumsey said, " means that the verdict is one which the law does not authorize the jury to render upon the evidence presented to them." *Swartout* v. *Willingham*, 6 Misc. Rep. 179. We must, therefore, if injustice was done, seek the remedy *aliunde*. In my opinion no judgment should be permitted to rest on questionable evidence which crept into the case either through an oversight or neglect to object on the instant. A verdict predicated on evidence in whole or in part inherently bad is no better than one based on no evidence at all. In furtherance of justice a new trial should be granted. This obviates the necessity of passing on the motions, as to which decision was reserved. It does not follow that with the admissions out

there was no question for the jury as is claimed by counsel for the defendant. There would still be the issue whether the plaintiff's person was burned through the acts of an incompetent nurse. The motions to dismiss the complaint are denied. New trial ordered.

Ordered accordingly.