BARBARA HALL et al., Plaintiffs, *v.* FLORIDA GREYHOUND LINES, INC., et al., Defendants.

Supreme Court, Special Term, New York County, April 2, 1948.

*Jules Chopak* for plaintiffs.

*David Tepp* for defendants.

GAVAGAN, J. This is a motion by the plaintiffs after trial to add interest to the amount of the verdicts. The motion is made under section 480 of the Civil Practice Act which provides, in

part, that in *any action for the enforcement of or* based upon the breach of performance of a contract, express *or implied, interest shall be recovered upon the principal sum, whether liquidated or unliquidated, and shall be added to the total sum awarded.* Under this section the addition of interest to the damages flowing from breach of contract is mandatory. (*Hart* v. *United Artists Corp.*, 252 App. Div. 133.)

The action sought to recover damages for the failure of defendants as common carriers to convey the plaintiffs safely. They were injured while riding as passengers in omnibuses operated by the defendants. After trial, I found for the plaintiffs.

Re-examination of the complaint for the purposes of this motion reveals the following important allegations: the authorization by defendants to make certain contracts of transportation; the promise by defendants to perform these contracts; the acceptance of such contracts by the plaintiffs; the breach of the contracts as a result of a collision or other negligence of the defendants; and the consequent damages.

"It is no bar or answer to the claim of an action in contract that one in tort might have been, and ordinarily would be, brought for the acts really complained of. The dividing line between breaches of contract and torts is often dim and uncertain. There is no definition of either class of defaults which is universally accurate or acceptable. In a general way a tort is distinguished from a breach of contract in that the latter arises under an agreement of the parties, whereas the tort ordinarily is a violation of a duty fixed by law, independent of contract or the will of the parties, although it may sometimes have relation to obligations growing out of or coincident with a contract, and frequently the same facts will sustain either class of action." (*Busch* v. *Interborough R. T. Co.*, 187 N. Y. 388, 391, citing *Rich* v. *New York Central & Hudson Riv. R. R. Co.*, 87 N. Y. 382.)

In the instant case, plaintiffs pleaded and proved their causes of action sounding in contract, notwithstanding that the actual breach was the negligence of the defendants and the real substantial element of damages was the personal injuries of the plaintiffs.

Plaintiffs urge that, having sustained their causes of action in contract, they have brought themselves within the *mandatory* provision of section 480 of the Civil Practice Act and, consequently, interest must be added to the verdicts from the time of the breach.

Plaintiffs' causes of action were necessarily founded in contract. Unless a prior contract to carry was entered into between the parties the plaintiffs would be in the position of trespassers or intruders. Their rights to the status of passengers were due to and were predicated upon the contract to carry. Because of the relationship of common carrier and passenger created by the contract the law placed upon the carrier the duty to carry safely. Without such contract no such duty would exist. Plaintiffs' causes of action undoubtedly rest in contract and in view of the comprehensive language of section 480 of the Civil Practice Act I am constrained to hold that plaintiffs are entitled to have interest added to the verdicts from the dates of the accidents. (*Miller* v. *Foltis Fisher, Inc.*, 152 Misc. 24.)

The motion is accordingly granted. Settle order.