NANCY OATES, an Infant, by Her Guardian ad Litem, FRANCIS J. OATES, et al., Plaintiffs, *v.* CITY OF ROCHESTER et al., Defendants.

Supreme Court, Special Term, Monroe County, February 2, 1955.

*Stephen V. Lines* for University of Rochester, defendant.

*John J. Nicit* for plaintiffs.

SARACHAN, J. This is an action by Nancy Oates, an infant, by guardian ad litem, and by her father, Francis J. Oates, arising out of personal injuries sustained by the infant while she was participating as a student in a student activity of the University of Rochester.

This particular activity was taking place at Durand Eastman Park, a municipal park owned by the City of Rochester.

Two motions are before the court made by the defendant, University of Rochester, alone, for an order pursuant to rule 106 of the Rules of Civil Practice, dismissing the third cause of action set forth in the plaintiffs' complaint, and the seventh cause of action set forth in the plaintiffs' amended complaint, upon the ground that each of them does not state facts sufficient to constitute a cause of action.

The first argument in support of the motion may be briefly disposed of. It is that the plaintiff, Nancy Oates, has no capacity to sue on an executory contract. It is elementary that a contract with an infant is not void, but merely voidable, at the election of the infant (*Casey* v. *Kastell,* 237 N. Y. 305; *Joseph* v. *Schatzkin,* 259 N. Y. 241). In the case of *Joseph* v. *Schatzkin* (*supra*) the contract involved was executory like the one here alleged, and the Court of Appeals declared it valid until disaffirmed by the infant.

The more troublesome ground for the motions is that the actions here involved are basically tort actions in negligence, and that the causes of action objected to, those designated " Third " and " Seventh " in the plaintiffs' complaints purport to set forth different theories for relief, to wit, breach of contract and warranty.

The defendant, University of Rochester, objects to these alternative causes of action upon the ground that they are simply a device by which the plaintiffs hope to avoid tort defenses available to it.

In support of the contention that a cause of action which might be brought in negligence cannot in the alternative be brought upon contract, the defendant, the University of Rochester, cites cases in which the question involved was whether the three-year or the six-year Statute of Limitations applied. In none of those cases does the court say that the action upon contract was improperly brought.

On the other hand, the courts have repeatedly held that " Negligence, considered merely as a tort, is a wrong independent of contract, but negligence may also be a breach of contract if the contract itself calls for care." (*Lord Electric Co.* v. *Barber Asphalt Paving Co.,* 226 N. Y. 427, 432; *Archibald* v. *Hill Sanatorium,* 121 Misc. 193; *Busch* v. *Interborough R. T. Co.,* 187 N. Y. 388; *Hall* v. *Florida Greyhound Lines,* 191 Misc. 509.)

In the case of *Busch* v. *Interborough Rapid Transit Co. (supra)* the Court of Appeals said (p. 391): " It is no bar or answer to the claim of an action in contract that one in tort might have been, and ordinarily would be, brought for the acts really complained of. * * * In a general way a tort is distinguished from a breach of contract in that the latter arises under an agreement of the parties, whereas the tort ordinarily is a violation of a duty fixed by law, independent of contract or the will of the parties * * * and frequently the same facts will sustain either class of action."

In motions of this sort to dismiss causes of action in a complaint, the pleading attacked must, of course, be construed most favorably in favor thereof.

The third cause of action in the plaintiffs' complaint and the seventh cause of action in the plaintiffs' amended complaint allege among other things an express contract between the plaintiff, Francis J. Oates and the defendant, the University of Rochester, which contract it is alleged contained, among other things, certain warranties made by the university. The court is not concerned with what kind of proof the plaintiffs will produce to support their claim of an express contract, or whether such express contract ever existed. The plaintiffs allege that such a contract did exist at the time of the accident in question and the fact that the plaintiffs under substantially the same facts with regard to how the accident occurred may sue in negligence, does not preclude them from suing in the alternative for breach of contract.

Section 258 of the Civil Practice Act provides: " The plaintiff may join in the same complaint two or more independent or alternate causes of action regardless of consistency * * *."

The third and seventh causes of action in the plaintiffs' complaints would, therefore, appear to be properly joined with the causes of action in negligence, and the motions of the defendant, the University of Rochester, must be denied.

Motions denied without costs.